**In the Matter of the Application of Johnny Clint WIGGINS for Writ of Habeas Corpus.**

**No. A–14228.**

Court of Criminal Appeals of Oklahoma.

April 5, 1967.

Jack E. Rider, Stilwell, for petitioner.

Hugh Collum, Asst. Atty. Gen., Lloyd E. Cole, Jr., Asst. Dist. Atty., Stilwell, for respondent.

## MEMORANDUM OPINION

BUSSEY, Judge.

This is an original proceeding instituted by Johnny Clint Wiggins, who is seeking his release from confinement in the County Jail of Adair County, Oklahoma. He is currently being held to answer a preliminary complaint, charging him with the crime of Murder, in the County Court of Adair County. Petitioner has been certified by the Juvenile Court of Adair County, as an adult.

From the pleadings filed herein, it appears that: on the 1st day of September, 1966, petitioner was brought before the County Court of Adair County, sitting as a Juvenile Court. Petitioner appeared in person, and with his natural parents, upon a charge of juvenile delinquency, by reason of the commission of the crime of Murder.

At that hearing, petitioner was fully advised and informed of the charges pending against him, to which charges petitioner entered a plea of Not Guilty. During such hearing, petitioner advised the court that he was an indigent person, and without funds with which to employ counsel. The court thereupon ordered and directed the appointment of H. T. Williams, a practicing attorney of the Adair County Bar Association, to represent and defend the petitioner, upon the charges filed.

At the time counsel was appointed, he was summoned into court, and advised of his appointment. He thereupon conferred with his client, in open court. After his conference, the attorney announced to the court, petitioner's plea of Not Guilty. Thereafter, the court directed the petitioner to be remanded to the custody of the Sheriff, there to be held without bail.

The written application for juvenile delinquency was not verified, or docketed, by the Clerk of the court until the 2nd day of September, 1966.

On the 2nd day of September, 1966, an application for commitment to the Eastern State Hospital at Vinita, was filed in the District Court by the County Attorney of Adair County. Said application requested that the petitioner be sent for observation, to determine his sanity. On the 6th day of September, 1966, C. F. Bliss, Jr., District Judge of Adair County, ordered petitioner committed to the Eastern State Hospital at Vinita, for observation for a period not to exceed ninety days, for the purpose of determining petitioner's sanity.

Petitioner was delivered to the custody of said institution on the 8th day of September, 1966, where he underwent examinations until the 13th day of December, 1966, when he was returned to the custody of the Adair County Sheriff. Petitioner remained in the Sheriff's custody until the 3rd day of January, 1967. On that date, petitioner successfully escaped; and remained free until the 8th day of January, 1967, when he was apprehended by the Sheriff. He has

remained in the Sheriff's custody since the date of his apprehension.

That prior to the return of petitioner, from his institutional observation, the court-appointed attorney, H. T. Williams, had been appointed "Acting County Judge" for Adair County; therefore, on the 15th day of December, 1966, H. T. Williams entered an order disqualifying himself in this cause, and appointed Jack E. Rider to serve as the court-appointed counsel for the petitioner. At the same time, the County Judge made application to the Supreme Court of the State of Oklahoma, for assignment of a "Special County Judge" to hear the cause. On the 28th day of December, 1966, by order of the Supreme Court, the Honorable W. S. Agent, duly elected and acting County Judge, in and for Sequoyah County, was assigned to hear the application of juvenile delinquency, pending against the petitioner, docketed as case no. 1083, in the County Court of Adair County.

An order was entered by the Assigned County Judge Agent setting cause no. 1083 for hearing upon the merits thereof, for the 12th day of January, 1967. However, on the 10th day of January, 1967, counsel for petitioner filed a Demurrer to the pending charges.

That on the 12th day of January, 1967, the hearing was had, and petitioner's Demurrer was sustained in part, by order of the court. That, on the same day the court granted leave to the State of Oklahoma, to amend the affidavit and application of juvenile delinquency, and after amendment of the same, the court arraigned the petitioner. At his arraignment, petitioner appeared in open court in person, and with his natural parents being present, and by his court-appointed attorney, Jack E. Rider; and in open court, petitioner entered a plea of Not Guilty to the charges; waived trial by jury; and agreed to a trial upon cause no. 1083, as amended, to be had on February 7, 1967.

That on February 7th, pursuant to order of the court, all parties appeared in court.

The State was represented by J. Fred Green, District Attorney of Adair County, and his assistant Lloyd E. Cole, Jr.; petitioner appeared in person, with his parents, and with his court-appointed counsel, Jack E. Rider. Witnesses were sworn and examined, in open court, including the doctor, who performed the autopsy upon the deceased. At the close of the hearing, the parties agreed to continue the matter until February 14, 1967, in order to permit them to review the transcript of testimony, which the court ordered to be made available, prior to the February 14th hearing.

That on February 14, 1967, the court entered its judgment, based upon all of the testimony and exhibits introduced into evidence, and adjudged the petitioner to be a juvenile delinquent, by reason of his probable guilt of having committed the crime of Murder; and therewith directed the District Attorney to proceed against the petitioner, as an adult for the crime of Murder; and retained jurisdiction over the petitioner, until disposition of the criminal proceedings, for the crime of Murder.

On the 15th day of February, 1967, a preliminary information was filed in the Adair County Court, charging petitioner with the crime of Murder, in case no. 3501. The Acting County Judge again appointed Jack E. Rider, to serve as counsel for petitioner; and on that date, petitioner appeared in court for arraignment, with his natural parents, and with his counsel, when he waived time in which to plead, and entered a plea of Not Guilty, to the information.

Petitioner was remanded to the custody of the Sheriff, to be held without bond. The County Judge then entered an order disqualifying himself to conduct the preliminary examination, and forwarded his request to the Supreme Court for assignment of a Special Judge to conduct the preliminary hearing on petitioner's charge.

This cause was instituted in this Court by the filing of petition on March 3, 1967; and thereafter, a Rule to Show Cause was

duly issued; and on March 14th, the hearing was held on the Rule to Show Cause. At the conclusion of said hearing, the matter was submitted on the arguments of respective counsel.

Petitioner first contends, that he has been denied his constitutional rights for the reason that he was apprehended and taken before the County Judge, sitting as a Juvenile Court, without a proper juvenile complaint having been filed against him; and wherein proper notices had not been issued; and a hearing held thereon, in the manner prescribed by law. Petitioner further alleges, that he was never accorded a hearing from September 1, 1966 until January 12, 1967, at which time the Juvenile Court partially sustained his Demurrer to the juvenile complaint; and at which time the court permitted an amendment to said complaint to be made, and thereafter issue notices in the manner prescribed by law.

It is asserted that the Juvenile Court did not acquire jurisdiction of petitioner, by reason of the State's failure to comply with the statute of the State of Oklahoma, and failure to follow the guidelines set forth in Ex Parte Lewis, 85 Okl.Cr., 322, 188 P.2d 367. Although petitioner does not challenge the regularity of the proceedings conducted after January 12, 1967, his position apparently is that having failed to acquire jurisdiction prior to that date, the court could not thereafter acquire jurisdiction; and therefore, this being true, petitioner is entitled to his discharge.

The question of the proper procedure to be followed when a minor is charged with juvenile delinquency as a result of the alleged commission of a felony, was dealt with extensively in the case of Ex Parte Lewis, supra, and thereafter elaborated on in the case of In re Smith, Okl.Cr., 326 P.2d 835. We are of the opinion that the Smith case, supra, clearly establishes the procedures to be followed when a minor is held in custody as a result of the alleged commission of a serious offense. We therefore deem it unnecessary, in this opinion, to re-iterate the procedures set forth in that case.

Since petitioner does not contend that the procedure set forth in Smith was not followed after the January 12, 1967 hearing, we must, therefore, conclude that the same was complied with.

■ We are of the opinion that the alleged non-compliance with the procedure outlined in Ex Parte Lewis, and In re Smith, supra, which occurred prior to January 12, 1967, could not operate to permanently preclude the County Court of Adair County from acquiring jurisdiction of the petitioner. Petitioner's commitment for observation by the District Court of Adair County, on September 6, 1966, under the authority of 22 O.S. § 1171, was not only in compliance with said statute, but was a condition precedent to the certification hearing rule set forth in Ex Parte Lewis, supra; relative to the requirements for psychiatric examination prior to the certification hearing.

■ While it does not appear that petitioner has been denied any of his constitutional rights entitling him to a discharge, in order to meet the requirements of due process, petitioner should be granted an early preliminary hearing, and a speedy trial on the charge of which he stands accused.

The court-appointed counsel for petitioner, the Honorable Jack E. Rider, is to be commended for the diligence shown, in protecting the rights of the petitioner. Counsel asserts that the jail facilities, and the conditions under which petitioner—a youth of fifteen years—is being confined, do not meet the requirements of the law and are inadequate.

■ Whether the conditions under which the petitioner is confined meet the requirements of the law, raises a question of fact which can only be resolved by an on-the-ground inspection. We are, therefore, directing a copy of this opinion to the Honorable Jim Cook, Commissioner of Charities and Corrections, and are confident

that he will make such inspection and recommendation, as the conditions warrant.

We are likewise confident that if corrective measures are necessary, the District Judge and officials of Adair County will take appropriate measures to assure that such corrections are made.

Therefore, for all the reasons above set forth, the writ prayed for is denied. Writ denied.

NIX, P. J., and BRETT, J., concur.