Irene Faye **LONE WOLF**, Plaintiff in Error,

v.

**STATE** of Oklahoma and the **DEPARTMENT OF INSTITUTIONS, SOCIAL AND REHABILITATIVE SERVICES** of the State of Oklahoma, Defendant in Error.

No. 43483.

Supreme Court of Oklahoma.

June 9, 1970.

Leslie Pain, John W. Garland, Anadarko, for plaintiff in error.

Joe Humphrey, Dist. Atty., John Paul Buzbee, Asst. Dist. Atty., for defendant in error.

DAVISON, Justice.

Plaintiff in error Irene Faye Lone Wolf commenced appellate proceedings to review a final order of the District Court of Caddo County adjudicating plaintiff's minor son a delinquent child. An earlier order wherein the minor child was adjudicated a dependent and neglected child was, on hearing on motion to vacate, modified nunc pro tunc to adjudicate the minor delinquent and committing him to a state training school.

An examination of the record discloses that plaintiff in error executed on February 7, 1969, as maternal parent, a relinquishment whereby she assigned, relinquished and transferred her rights with respect to the care and custody of her minor son, Dennis Dean Tsotigh, to the Department of Welfare of the State of Oklahoma, under Title 10 O.S. § 25–37 (1961) until May 7, 1969, at which time a hearing was to be had as to whether the surrender was to be made permanent.

On the same date (February 7, 1969) the District Court made an order adjudging the said child to be a neglected and dependent child, and placed him in custody of the Welfare Department, which order provided that the order would stay in effect until a hearing would be had to determine whether or not the order would be permanent.

On February 12, 1969, the trial court entered, without notice, another order suspending the prior custody order and under the new order the child was committed to the training school at Boley.

The mother on February 21, 1969, filed a motion to vacate the orders of February 7th and February 12th, for the reason that said minor was adjudicated to be a dependent and neglected child without a trial or hearing and without being represented by an attorney. In said motion to vacate the orders the mother, as petitioner, alleged that she was a proper and fit person to have the custody, care and control of said child and that she could and would provide a place for him where he would be given a mother's loving care.

On hearing the motion to vacate, the trial court, without notice of any sort, and without pleading other than the motion to vacate the said orders, thereupon entered an order on February 25, 1969, nunc pro tunc, as of February 12, 1969, finding that the classification of the minor as being a neglected and dependent child should be, and was changed to that of a juvenile delinquent and under said order the boy was committed to the Boley State School for Boys at Boley, Oklahoma.

Irene Faye Lone Wolf appealed and alleges failure of due process of law because of lack of notice of hearing and lack of jurisdiction. The jurisdictional challenge is predicated on adjudication without there

**1016**

having been filed a verified petition pursuant to 10 O.S.Supp.1968, § 1103. Other assertions of error are alleged but need not be considered in this circumstance.

 The record fails to disclose any attempt to comply with the applicable provisions of 10 O.S.Supp.1968, § 1101 through 1504. There was no verified petition alleging facts upon proof of which Dennis Dean Tsotigh could be adjudged either a neglected or dependent child or a delinquent child, and there was no semblance of service of notice as contemplated by the cited statutes. Other procedural omissions, if any, need not be considered. The proceedings do not constitute due process of law under either Const. art. 2, § 7, or the Fourteenth Amendment to the Constitution of the United States of America. Re: Gault, 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428; In the Matter of Samuel Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

The judgment of the trial court is reversed with directions to vacate all final orders entered therein and to dismiss the action.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.