**Larry Dale CRANDELL, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–424.**

Court of Criminal Appeals of Oklahoma.

July 2, 1975.

As Corrected Aug. 4, 1975.

Larry H. Moon, Poteau, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David K. Mc-Curdy, Legal Intern, for appellee.

OPINION

BRETT, Presiding Judge:

Appellant, Larry Dale Crandell, was a juvenile within the purview of the Juvenile Act when he was charged in District Court, LeFlore County, with the offense of Unlawful Possession of Marihuana With the Intent to Distribute in violation of 63 O.S.1971, § 2–402. After waiver and certification by the Juvenile Division of the District Court, he was tried and convicted of that offense in Case No. CRF–73–134. He was sentenced to serve a term of two (2) years in the State penitentiary in accordance with the verdict of the jury. From that judgment and sentence he has perfected this timely appeal.

Crandell was arrested when a police officer discovered him, outside his parked automobile, with the motor running, crouching beside a cache of marihuana buried beside an access road outside the City of Poteau, Oklahoma. He was taken to the LeFlore County Sheriff's Office for questioning. At that time, the police officers learned that Crandell was a 17-year-old juvenile. At his request, they did not call his mother or father. He was held only a brief period of time before being released. Two days later, however, Crandell was charged with the crime of Possession of Marihuana With the Intent to Distribute by information filed in the District Court and was again arrested. The following day he appeared before a magistrate for arraignment. After bond was set the District Attorney informed the judge that the defendant was 17 years old and orally requested that his "case be remanded to the Juvenile Division of the District Court for certification to stand trial as an

adult." The judge acceded to that request, and, in that manner, juvenile proceedings were initiated against Crandell. No verified petition was filed in accordance with the provisions of 10 O.S.1971, § 1103, nor was summons issued as provided for by 10 O.S.1971, § 1104. In fact, the record shows no attempt by law enforcement officials to notify this juvenile's parents either formally or informally.

The same judge who arraigned Crandell presided over the certification hearing. Crandell appeared at that hearing without an attorney and was told by the judge that because he had made a bond he could not be considered to be indigent for purposes of appointment of counsel. He was given until 2:00 of the same day to be back with counsel. At the time set, Crandell returned with an attorney who announced to the court that Crandell and his mother had just approached him in the halls of the courthouse and asked that he represent them at the hearing. That attorney requested permission to put on testimony to show that Crandell was in fact indigent and without funds to retain an attorney to represent him and informed the court that the bond money had been advanced by a bondsman on a credit basis. The court refused the request and counsel then moved for a continuance upon the grounds that his first contact with the case had come a few minutes earlier. The court refused to continue the case but agreed to give counsel an hour to interview his client. At the conclusion of the hearing on the same day, the court entered an order certifying Crandell to stand trial as an adult in District Court upon the charge of Possession of Marihuana With the Intent to Distribute.

It is urged that this case must be reversed because the failure to comply with the statutory provisions for the filing of a petition and the service of summons upon the parent or guardian of a juvenile accused of an offense constituted a denial of due process. Other assertions of error are raised but need not be considered here.

■ This case was transferred to the Juvenile Division of District Court in accordance with 10 O.S.1971, § 1112(a) which provides:[1]

"Except as hereinafter provided, a child who is charged with having violated any State statute or municipal ordinance shall not be tried in a criminal action, but in a juvenile proceeding in accordance with this Act. If, during the pendency of a criminal or quasi-criminal charge against any person, it shall be ascertained that the person was a child at the time of committing the alleged offense, the court shall transfer the case, together with all the papers, documents and testimony connected therewith, to the juvenile division of the court. The division making such transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile division, to that division itself, or release such child to the custody of some suitable person to be brought before the juvenile division. However, nothing in this Act shall be construed to prevent the exercise of concurrent jurisdiction by another division of the District Court or by police courts or municipal courts in cases involving children wherein the child is charged with the violation of a State or municipal traffic law or ordinance."

That section comtemplates the inadvertent filing of a criminal information and initiation of criminal proceedings against a person who is a child within the purview of the Juvenile Act. Section 1112 makes it the duty of the court, upon ascertaining that the defendant before him is a child, to immediately transfer the case to the Juvenile Division of the court. The statute does not set forth an alternate method of initiating juvenile proceedings against a child charged with violation of a State statute, nor does it obviate the necessity of

---

1. This section of the Juvenile Act was amended in 1973 by the 34th Legislature. The amendment did not alter the meaning of the paragraph at issue here.

filing a verified petition and giving notice as required by sections 1103, 1104 and 1105 of Title 10.

 Adequate and timely notice is a fundamental requirement of the constitutional guarantee of due process of law. The information filed in this case is sufficient to provide such notice to the accused. In a juvenile proceeding, however, due process requires that "the child *and his parents or guardian be notified, in writing,* of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation." *Re Gault,* 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527, 549. (Emphasis added)

The provisions of sections 1103, 1104 and 1105 of Title 10 of the Oklahoma Statutes are designed to provide such written notice to the parent or guardian of the child who has committed an offense and come within the purview of the Juvenile Act. It is clear that an information filed in District Court charging a crime cannot adequately substitute for the meticulous provisions for notice to the parent, guardian or person having custody or control of the child. Those provisions are mandatory, and the procedure set forth therein must be followed in every juvenile proceeding where a child may be adjudicated delinquent or certified to stand trial as an adult. See, *Lone Wolf v. State Department of Institutions, Social and Rehabilitative Services,* Okl.Cr., 470 P.2d 1014 (1970).

To knowingly institute criminal proceedings against a child by an information filed in District Court in the same manner as against an adult is a violation of 10 O.S.1971, § 1127(b), providing "nor shall a child be charged with crime . . . except as provided in this Act." When an information is inadvertently filed against one who is a child, that information may be transferred to the Juvenile Di-

vision of the court as provided for in Section 1112, but such transfer will not alter the requirements of the verified petition to be filed.

We are therefore of the opinion this conviction should be reversed and remanded with instructions to dismiss without prejudice to the filing of juvenile proceedings in the manner prescribed by law in the event the authorities wish to do so.

It is so ordered.

BUSSEY and BLISS, JJ., concur.