**D. G. B., a child under the age of 18 years,**
**Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. J–76–103.**

Court of Criminal Appeals of Oklahoma.

April 16, 1976.

---

T. Walter Newmaster, Ada, for appellant.

Roy B. Powell, Dist. Atty., G. E. Saunders, Asst. Dist. Atty., Pontotoc County, for appellee.

### OPINION

BRETT, Presiding Judge:

D. G. B., a male child under the age of 18 years, appeals from an order of the Juvenile Division of the District Court, Pontotoc County, certifying him to stand trial as an adult for the crime of Forgery in the Second Degree.

Appellant makes only one contention on appeal: That the trial court erred in certifying him to stand trial as an adult in the absence of any evidence that a crime had been committed and that he committed it. The transcript of the proceedings had at the certification hearing supports appellant's contention that no evidence was presented which was relevant to the crime alleged or to the juvenile's connection with it. His assertion that such lack of evidence necessitates the reversal of the order certifying him to stand trial as an adult is correct.

In support of the State's motion that appellant be certified to stand trial as an adult for the offense of Forgery in the Second Degree, the prosecutor called two witnesses: the first testified about appellant's maturity and intelligence; the second testified about his previous contacts with the juvenile justice system and his amenability to rehabilitation within that system. The nature of the circumstances which led to appellant's being brought before the court in this case were alluded to only once during the proceedings. The prosecutor, at the close of his evidence, made a statement to the court repeating the bare allegation made in the petition which initiated the juvenile case. In that statement the prosecutor also informed the court of the names of the witnesses who would be called to support the factual allegation should the juvenile be certified to stand trial as an adult. The prosecutor also states, "I believe we could make a prima facia case." (Tr. 59) A representation made by the prosecutor to the Juvenile Judge that sufficient evidence exists to connect the juvenile to the crime alleged, however soundly based that representation may be, is insufficient to support a finding by the Juvenile Judge of prosecutive merit. In the recent case of *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975), handed down the week before the hearing in the instant case, we stated:

". . . We interpret Section 1112(b) [10 O.S., § 1112] to require two ultimate

findings as prerequisite to a valid certification order. The first of these is a finding that there is prosecutive merit to the complaint, which statutory phrase we construe to require a finding that a crime has been committed and that there is probable cause to believe that the accused child committed it. The second ultimate finding required is that the child is not a fit subject for rehabilitation by the facilities and programs available to the juvenile court." 544 P.2d at 1279 (Footnote omitted)

Such findings by the Juvenile Court are subject to review by this Court and, consequently, must have sufficient basis in the evidence.

Accordingly, the order of the Juvenile Division of the District Court, Pontotoc County, is vacated and this case is *REVERSED AND REMANDED* for further hearing in accordance with the above opinion.

BUSSEY and BLISS, JJ., concur.