**S. H., a Juvenile, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–289.**

Court of Criminal Appeals of Oklahoma.

Oct. 19, 1976.

---

Moon & Price, Oklahoma City, Robert E. Price, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Douglas L. Combs, Legal Intern, for appellee.

## OPINION

PER CURIAM:

The appellant, Stanley Holt, hereinafter referred to as defendant, was charged and tried for the offense of Murder in the Second Degree, in the District Court, LeFlore County, Case No. CRF–75–53, in violation of 21 O.S.Supp.1973, § 701.2. On the day of the alleged offense, January 17, 1975, the defendant was a sixteen year old minor. The District Attorney of LeFlore County made an application with the District Court requesting that the defendant be certified as an adult pursuant to 10 O.S.Supp.1974, § 1112. A hearing was held before the Honorable Harrell F. Followell, Associate District Judge. Following the certification hearing, Judge Followell issued an order on April 7, 1975, certifying the defendant, as an adult. The defendant was then tried, and the jury found him guilty of the offense of First Degree Manslaughter in violation of 21 O.S.1971, § 711, and fixed his punishment at six (6) years' imprisonment in the State penitentiary. From this judgment and sentence a timely appeal was perfected to this Court.

This Court deems it unnecessary to set forth a detailed statement of facts since it is not essential to the disposition of this case. Although we are asked to consider three assignments of error, we need only concern ourselves with the first.

The primary question presented on appeal is whether the certification hearing and the juvenile judge's subsequent certification order were in compliance with Oklahoma Statutory and case law. We agree with the defendant's contention that it was not, and therefore reverse.

A review of the transcript and record reveals that six witnesses were called to testify at the certification hearing. All witnesses testified as to what occurred on the night of the shooting. In addition, the witnesses were asked to describe the character of the defendant. Primarily, these questions were concerned with whether the defendant knew right from wrong when he committed the offense. Prior to the hearing, the defendant was also sent to the Eastern State Hospital in Vinita, Oklahoma for observation to determine the question of his sanity. The hospital report concluded that the defendant knew the difference between right and wrong and that he was sane according to the laws of Oklahoma.

At the end of the hearing, the juvenile Judge issued the following statement:

"THE COURT: Let the record show that the State of Oklahoma is represent-

ed by Don Sullivan from the District Attorney's office and that Larry Moon, counsel for the respondent Stanley Holt, that all arguments have heretofore been made in this case regarding certification, the Court finds that the respondent Stanley Holt should be certified as an adult."

That same day, the Judge issued the following certification order:

"An application having been made to this court requesting that the above named child be certified for proper criminal proceedings to be prosecuted as an adult and the court after a full investigation and being fully advised in the premises finds as follows:

"1. That Stanley Holt is a child under the age of 18 years.

"2. That on the 20th day of January, 1975, said child was charged with the delinquent act described as follows:

"That the said juvenile did on the 17th day of January 1975, in LeFlore County, Oklahoma, unlawfully, wilfully and feloniously, without authority of law, and with a premeditated design to effect the death of a human being did then and there kill one, Jackie Putman, by means of a firearm, loaded with powder and shot, held in the hands of said Stanley Holt, and with which he pointed at, aimed, fired and shot the said Jackie Putman, said shot causing mortal wounds in the body of the said Jackie Putman, and of which mortal wounds the said Jackie Putman did languish and die,

"3. That there is probable reason to believe that the said Stanley Holt did commit the offense set forth above.

"4. That said child has sufficient mental capacity to know the difference between right and wrong and to be held accountable for his-her acts; further that said child should be certified to be prosecuted as an adult by the District Attorney of LeFlore County, State of Oklahoma.

"IT IS, THEREFORE, ORDERED that the said Stanley Holt be and hereby is certified as an adult for appropriate criminal proceedings, and may be filed on by the District Attorney as such, and hereby is remanded to the custody of the Sheriff of LeFlore County, Oklahoma, pending the filing of proper legal charges."

This Court in the case of *Sherfield v. State*, Okl.Cr., 511 P.2d 598 (1973) set out a number of guidelines the juvenile court must take into consideration before certifying a child as an adult. In *Sherfield*, supra, we affirmed the certification for reasons, "apparent from the record." However, we went on to say that, "It might be well in the future for juvenile court judges to prepare and file a statement of reasons for certification."

The guidelines set out in *Sherfield*, supra, were mandated by the United States Supreme Court in the case of *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Those same guidelines were subsequently incorporated in 10 O.S.Supp., 1974, § 1112(b), and are as follows:

"(b) If a child is charged with delinquency as a result of an offense which would be a felony if committed by an adult, the court shall consider the following guidelines:

"1. The seriousness of the alleged offense to the community;

"2. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

"3. Whether the offense was against person or property, greated weight being given to offenses against persons especially if personal injury resulted;

"4. Whether there is prosecutive merit to the complaint;

"5. The desirability of trial and disposition of the entire offense in one court

when the juvenile's associates in the alleged offense are adults;

"6. The sophistication and maturity of the juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living;

"7. The record and previous history of the juvenile, including previous contacts with community agencies, law enforcement agencies, schools, juvenile courts and other jurisdictions, prior periods of probation or prior commitments to juvenile institutions; and

"8. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile if he is found to be guilty of the alleged offense, by the use of procedures and facilities currently available to the juvenile court;

and after full investigation and a preliminary hearing, may in its discretion continue the juvenile proceeding, or it may certify such child capable of knowing right from wrong, and to be held accountable for his acts, for proper criminal proceedings to any other division of the court which would have trial jurisdiction of such offense if committed by an adult."

The case of *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975) further clarified the meaning and application of *Sherfield*, supra, to certification proceedings. In *J. T. P.*, supra, we held:

"It is, of course, not necessary that the court's consideration be arithmetically proportioned among these eight factors or that each of the statutory factors be clearly decided against the claim of the child. We interpret Section 1112(b) to require two ultimate findings as prereq-

uisite to a valid certification order. The first of these is a finding that there is prosecutive merit to the complaint, which statutory phrase we construe to require a finding that a crime has been committed and that there is probable cause to believe that the accused child committed it. The second ultimate finding required is that the child is not a fit subject for rehabilitation by the facilities and programs available to the juvenile court."

See also *D. G. B. v. State*, Okl.Cr., 549 P. 2d 94 (1976); *Brown v. State*, Okl.Cr., 550 P.2d 963 (1976).[1]

 In the instant case, it is evident that the juvenile court did not make both of these ultimate findings. Although the record reveals that there may be prosecutive merit to the complaint, nowhere in the record is there any evidence to show that the defendant is not amenable to rehabilitation by the juvenile court. As one of the reasons for waiving jurisdiction, the juvenile Judge stated in his order that the defendant knew the difference between right and wrong and was therefore accountable for his acts. This is but one of several factors to be taken into consideration. But in certifying a child, it is insufficient to merely establish that the child knows the difference between right and wrong. As was pointed out above, in addition to first establishing the prosecutive merit of a complaint, it is essential that a juvenile Judge make a finding, based upon substantial evidence, that the juvenile is not amenable to the rehabilitative facilities of the juvenile court. Having failed to do so this Court is left to speculate, on the bare record alone, as to whether the defendant is a fit subject for rehabilitation by the facilities of the juvenile court. We have said on numerous occasions that there is no presumption built into the juvenile act that a child who has committed a very

1. *Calhoon v. State*, Okl.Cr., 548 P.2d 1037. This case delineates in detail measures to be taken for proper certification proceedings.

serious offense is not receptive to rehabilitative treatment. See *J. T. P.*, supra and *Brown*, supra.

 Since the juvenile court still retains jurisdiction over the defendant, a new certification hearing may be held. The lower court's attention is directed to 10 O.S.1971, § 1102, which reads in pertinent part as follows:

> . . . When jurisdiction shall have been obtained over any child, it may be retained until the child becomes twenty-one (21) years of age . . . "

If the facts as presented at the new hearing do not justify certification, then the defendant must be dealt with within the juvenile process. But if the juvenile court, after taking into consideration the guidelines and ultimate factors discussed above, determines that the evidence justifies certification, then a new trial must be granted.

One other matter should be pointed out to the lower court's attention. The defendant in this case was tried for second degree murder, but was convicted of first degree manslaughter. Therefore, where a trial for murder results in a conviction for the lesser included offense of manslaughter, and that conviction is set aside, as it is in the instant case, the defendant may be retried for manslaughter; but the defendant may not be tried again for murder since to do so would place the defendant in jeopardy again on a charge for which he was impliedly acquitted. *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); *Patty v. State*, Okl.Cr., 497 P.2d 478 (1972). In the event that the defendant is certified again as an adult, he cannot again be tried for an offense greater than first degree manslaughter.

For all of the above reasons, we reverse the judgment and sentence of the lower court and remand the case to the juvenile court for further proceedings consistent with this opinion.

