**Harry HAINTA and Buddy A. Tsotaddle, Petitioners,**

v.

**The STATE of Oklahoma et al., Respondents.**

**No. PC–77–53.**

Court of Criminal Appeals of Oklahoma.

March 2, 1977.

102

Houston Bus Hill, Oklahoma City, for petitioners.

Larry Derryberry, Atty. Gen., for respondent.

## MEMORANDUM OPINION

BRETT, Judge:

Petitioners Harry Hainta and Buddy A. Tsotaddle, hereinafter referred to as de-

fendants were convicted in the District Court, Kiowa County, Case No. CRF–74–39 of Second Degree Rape. No appeal of right was perfected to this Court within the time provided by law. An appeal from said order Denying Post Conviction Relief has been timely filed with this Court.

■ The defendants contend that the juvenile certification hearing had by them on August 8, 1974, was fatally defective, and that therefore the District Court was without jurisdiction to try them as adults. These allegations bring Petitioners within the purview of the Post Conviction Relief provision of 22 O.S.1971, § 1080(b). Furthermore, we agree.

■ The defendants named herein, and one other, Norman Franklin Brown, were all tried for the same act. Brown was given a severance and tried separately. He was given a separate certification hearing as well. Brown's conviction was reversed by this Court on May 13, 1976. See: Brown v. State, Okl.Cr., 550 P.2d 963 (1976), for errors in the certification procedure. Specifically we held that the failure to notify Brown's parents or guardian in writing was fatally erroneous, citing Crandell v. State, Okl.Cr., 539 P.2d 398 (1975), and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Further in Brown, supra we said that the failure of the Court to consider the guidelines of Section 1112(b) was also erroneous, citing J. T. P. v. State, Okl. Cr., 544 P.2d 1270 (1975).

Upon careful review of the record and the transcript of this case, we are of the opinion that the same errors complained of in Brown v. State, supra, are present here, and the case must therefore be REVERSED. No written notice was provided the parents or guardian of said defendants, and the juvenile court made no finding as to the ultimate issues of a certification hearing, to-wit: whether there was prosecutive merit to the case, and whether the defendants were amenable to the rehabilitative services and facilities of the juvenile court.

The trial court is also referred to the provisions of the Juvenile Act concerning a child's right to bail.

The trial court should also note *King v. State*, Okl.Cr., 518 P.2d 889 (1974), dealing with the proper charge when rape is committed by one under the age of eighteen years.

For the above and foregoing reasons the conviction is REVERSED AND REMANDED FOR FURTHER PROCEEDINGS consistent with this opinion.

BUSSEY, P. J., and BLISS, J., concur.