**Bruce Wayne EDWARDS,**
**#88470, Petitioner,**

v.

**Jerry M. SUNDERLAND, Warden, Oklahoma State Reformatory, and The State of Oklahoma, Respondents.**

**No. CIV–77–0087–D.**

United States District Court,
W. D. Oklahoma.

April 18, 1977.

Bruce Wayne Edwards, pro se.

Larry Derryberry, Atty. Gen. by Kay Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

The above-named habeas petitioner is in the custody of the respondent at the Oklahoma State Reformatory at Granite, Oklahoma, by virtue of the judgment and sentence of the District Court of Oklahoma County, Oklahoma in case No. CRF–74–1220. Therein, after a trial by jury the petitioner was convicted of the crime of Attempted Robbery With Firearms After Former Conviction of a Felony and sentenced on July 10, 1974, to 50 years imprisonment. The judgment and sentence was affirmed on direct appeal and the State has advised the court that the petitioner has exhausted his state remedies by subsequent proceedings pursuant to the Oklahoma Post Conviction Procedure Act.

In this action the petitioner contends that his conviction is constitutionally invalid because the proceedings which resulted in his certification to be prosecuted as an adult were defective in the following particulars:

1. No verified petition was filed as required by Oklahoma law;

2. A summons and notice was not served on his parents as required by Oklahoma law and the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States.

Copies of the records in the District Court of Oklahoma County furnished by the respondent conclusively refute the allegations of the petitioner. It appears from these records that the petitioner was born December 19, 1954. On June 30, 1972, a duly verified "Supplemental Petition" was filed with the court charging petitioner as a delinquent child by reason of having committed the act of attempted robbery with firearms on June 6, 1972. The crime was specifically described with all of the essential elements alleged. The Petition provided the names of the father and mother of the petitioner and advised that whereabouts of the father was unknown but provided to the court the mother's address in Oklahoma City. It was the prayer of the Petition that the petitioner be brought before the court "to be dealt with as a delinquent child according to law." On July 10, 1972, summons and notice was issued for the petitioner's mother informing her that her child was alleged to have committed the act of attempted robbery with firearms and she was required to appear with him before the court on July 12, 1972 at 9:00 a. m. This summons and notice was served upon the mother on July 11, 1972. Prior to the hearing the petitioner escaped from custody on July 12, 1972 and on August 11, 1972 the court issued an order to take the petitioner into custody wherever he might be found in Oklahoma County. Petitioner was not returned to the court's custody until February 1974. On February 21, 1974 the District Attorney of Oklahoma County filed a Motion with the court to certify the petitioner who was then 19 years of age for trial as an adult. On March 5, 1974 the petitioner appeared in court with his court-appointed attorney and with his mother and brother and after a hearing the court determined that there was prosecutive merit to the complaint of attempted robbery with firearms and probable cause to believe that the petitioner should stand trial for that alleged offense. It ordered petitioner committed to Central State Griffin Memorial Hospital for a period of observation and evaluation and ordered the probation staff of the court to furnish the court with a report as to the petitioner's previous history. The Order further directed that upon receipt of a report from the Hospital the matter would be set for further hearing. A specific order was given to the sheriff of Oklahoma County to transport the petitioner to the Hospital. On April 4, 1974, the court conducted the certification hearing with the petitioner again present in person and with his mother

and court-appointed attorney. At the conclusion of the hearing the court made the necessary findings and ordered the petitioner certified to stand trial as an adult in the Criminal Division of the District Court of Oklahoma County, Oklahoma on the charge of Attempted Robbery With Firearms.

The verified Supplemental Petition is sufficient to give notice of the specific charges or factual allegations to be considered by the court and the relief sought at the hearing. It complies with the requirements of 10 O.S. § 1103 which were held to be mandatory in *Crandell v. State,* 539 P.2d 398 (Okl.Cr.1975). The summons and notice served upon the mother on July 11, 1972 informed the mother of the specific charge against the petitioner and is easily distinguishable from *Brown v. State,* 550 P.2d 963 (Okl.Cr.1976) relied upon by the petitioner, in which no written notice had ever been given to the juvenile's parents, grandparents or guardian.

The petitioner's case as shown by the record is likewise wholly dissimilar from the landmark decision of *In Re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) cited by petitioner. In establishing that procedural due process applicable to juvenile proceedings the court recognized (1) that written notice must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded and that such notice must set forth the specific charge or factual allegations to be considered at the hearing; (2) that the accused and his parents have the right to counsel, court-appointed if necessary; and (3) that the rights of confrontation and cross-examination and the privilege against self-incrimination must be observed. The petition filed in that case contained only a general allegation of delinquency. The only written notice that the parents received was a note on plain paper from police officer to the effect that the judge had set Monday, June 15th "for further hearings on Gerald's delinquency". They were not advised in advance of the hearing of the specific issues that they had to meet. The infant's parents appeared in court without counsel and were not advised of their right to counsel.

Quite to the contrary in petitioner's case he and his mother were present at every hearing with court-appointed counsel. The Supplemental Petition certainly set forth the alleged misconduct with particularity. The notice was served at the earliest practicable time. The certification hearing on April 4, 1974 was held nearly two years after the Supplemental Petition had been filed and approximately six weeks after the motion to certify by the prosecutor had been filed. It followed by a month an earlier hearing in which the petitioner had been referred for professional evaluation of his accountability. No contention is made that the petitioner, his mother and their attorney were not able to prepare adequately for the hearing and certainly it may be presumed that if counsel was not ready he would have asked for a continuance.

The petitioner was not denied any of the essentials of due process sanctioned in *Gault* for the protection of the juvenile. None of his federal constitutional rights were violated. The allegations of the petitioner are not to be accepted to the extent they are contradicted by or in conflict with the facts as shown by the files and records of the case. *United States v. Davis,* 319 F.2d 482 (CA6 1963). See also *Webb v. Crouse,* 359 F.2d 394 (CA10 1966); *Putnam v. United States,* 337 F.2d 313 (CA10 1964).

Moreover, if there were a complete absence of notice to the parents as contended by the petitioner or if it were otherwise inadequate, the failure of such notice does not automatically require reversal of petitioner's conviction. In *United States v. Watts,* 513 F.2d 5 (CA10 1975) the chief contention of the appellant was that he had been denied due process in his juvenile proceedings because contrary to *Gault* his parents were not given notice of the charges against him. The court distinguished *Gault* in a statement applicable to petitioner's case:

"Unlike the factual situation in *Gault,* the record here reveals that Watts himself had adequate written notice of the

precise charges against him well in advance of the hearing and was at all material times represented by competent counsel. Furthermore, Watts' mother and his stepfather were obviously available to assist him with his defense, as evidenced by the fact that they were present at trial and testified in his behalf." 513 F.2d at 8.

And concluded:

"Under the total circumstances of this case, we agree with the conclusion of the trial court and hold that Watts was not denied the fundamental 'fair treatment' mandated by *In Re Gault*." 513 F.2d at 9.

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.