**MATTER OF J. L. M., a child under the age of eighteen years.**

**No. J–79–151.**

Court of Criminal Appeals of Oklahoma.

July 17, 1979.

244

Robert E. Prince and Dan R. Brown, Prince & Brown, Lawton, for appellant.

Kay Terrill, Asst. Dist. Atty., Comanche County, Lawton, for appellee.

## OPINION

CORNISH, Presiding Judge:

The resolution of this appeal turns on the distinction between an adjudication and a disposition. A verified petition which listed witnesses and complied with all the requirements of 10 O.S.Supp.1978, § 1103,[1] was

---

1. It is provided in 10 O.S.Supp.1978, § 1103:

"(a) The court may provide by rule who shall make a preliminary inquiry to determine whether the interests of the public or of the child who is within the purview of this chapter require that further court action be taken. Provided, that where intake is to be provided by the Department under contract with the Supreme Court, or under the provision of rules issued by the Supreme Court, the preliminary inquiry as set out herein shall follow the uniform contractual procedures as agreed

to by the Supreme Court and the Department. If it is determined that no further action be taken, said person or the court may make such informal adjustment as is practicable without a petition.

"(b) A petition in a juvenile proceeding may be filed by the district attorney or the person who is authorized to make a preliminary inquiry to determine if further action is necessary. The proceeding shall be entitled "In the matter of _____, an alleged (delinquent)

filed on March 14, 1978, in Case No. JFJ–78–45 in Comanche County, Oklahoma, seeking to declare J. L. M. a juvenile delinquent. On April 7, 1978, the juvenile was adjudicated a delinquent and made a ward of the court as a result of an automobile theft. A dispositional hearing was held and the juvenile was placed in the custody of his grandparents, ordered to make restitution and further ordered to perform 60 hours of community services.

On November 20, 1978, the District Attorney filed a "Motion for Further Disposition," alleging that the juvenile had committed the subsequent acts of concealing stolen property on April 8, 1978, and larceny of an automobile on November 14, 1978. After the juvenile's demand for a jury trial was denied, a further hearing was held on January 12 and 16, 1979. The court found that the juvenile had committed the act of Unauthorized Use of a Motor Vehicle and committed him to the custody of DISRS.

The juvenile urges on appeal that because the "Motion for Further Disposition" requested a hearing and new findings of fact, it should have been required to comply with 10 O.S.Supp.1978, § 1103, and that his demand for a jury trial should have been granted in accordance with 10 O.S.Supp. 1978, § 1110.[2] The District Attorney argues that the pleading was merely a motion seeking a change in disposition, and not a petition for adjudication, so that neither Section 1103 nor Section 1110 was applicable.

■ The problem arises out of the procedural provisions of the Juvenile Code. In adult prosecutions, the jurisdiction of the District Court extends only to the imposition of a judgment and sentence for the offense committed (excluding for the moment such extended proceedings as suspended sentences and deferred judgments). But the jurisdiction over a delinquent child, once obtained, may be retained by the court until the child reaches the age of 19. Title 10 O.S.Supp.1978, § 1102. Thus, if the Juvenile Division of the District Court refrains from terminating its jurisdiction after disposition and the juvenile commits a subsequent offense, the District Attorney desiring to prosecute the juvenile will find that the court already has personal jurisdiction over him.

In this case, the pleading filed by the District Attorney alleged that the juvenile had committed the subsequent offense of larceny of an automobile, but the pleading was not verified and did not have the names of witnesses endorsed thereon. In arguing against the juvenile's demurrer, the District Attorney took the position that since the juvenile had previously been adjudicated a delinquent child, only a dispositional hearing was required:

(deprived) child or (a child alleged to be in need of supervision).

"The petition shall be verified and may be upon information and belief. It ·shall set· forth (1) with particularity facts which bring the child within the purview of this act; (2) the name, age and residence of the child; (3) the names and residences of his parents; (4) the name and residence of his legal guardian, if there be one; (5) the name and residence of the person or persons having custody or control of the child; (6) the name and residence of the nearest known relative, if no parent or guardian can be found; (7) the relief requested; and (8) the specific federal law, state law or municipal ordinance under which the child is charged, and an endorsement of witnesses intended to be called by the petitioner, where the child is sought to be adjudged a delinquent child under the act. If a termination of parental rights is desired, it must be stated in the petition and summons, and if an order for the payment of funds for the care and maintenance of the child is desired, it must be stated in the petition and summons. If any of the facts herein required are not known by the petitioner, the petition shall so state, along with the reasons why said facts are not known to petitioner.

"(c) A copy of the petition shall be attached to and delivered with the summons."

2. Title 10 O.S.Supp.1978, § 1110, provides as follows:

"In adjudicatory hearings to determine whether a child is delinquent, in need of supervision or deprived, the child informed against, or any person entitled to service of summons, shall have the right to demand a trial by jury, which shall be granted as in other cases, unless waived, or the judge of his own motion may call a jury to try any such case. Such jury shall consist of six persons."

"MRS. TERRILL: O.K. I was looking at the wrong motion. I still say, Your Honor, that this motion is a continuing motion of the original petition, which contains the elements to comply with the statute.

"THE COURT: Would you care to comment as to the witnesses being endorsed or not endorsed that Mr. Prince raised?

"MRS. TERRILL: I have no comment, Your Honor. Your Honor, again on the petition, the witness list is on the second page. On the motion, it's not needed.

"THE COURT: Now, where is the witness list, Mrs. Terrill?

"MRS. TERRILL: Second page of the petition, designated JFJ–78–45.

"MR. PRINCE: Could I inquire as to when that petition was filed?

"THE COURT: That appears to be—

"MRS. TERRILL: Wait just a minute, Your Honor. I have the wrong paper.

"THE COURT: It appears to be the original one.

"MRS. TERRILL: JFJ–78–45. The witness list is on the second page.

"MR. PRINCE: Was that filed back in March?

"MRS. TERRILL: Yes. Every—everything was March 14. Everything else.

"MR. PRINCE: Are the witnesses that are on that petition, have they been called here today?

"MRS. TERRILL: Not those witnesses, Your Honor. Is—is the statute clear, Your Honor, as to which witnesses must be endorsed on what motions or petitions?

"THE COURT: Well, you'll have to tell me.

"MRS. TERRILL: I would say no."

The Juvenile Code provides distinct types of hearings, the character of which varies as the object of the hearing varies. The function of the adjudicatory hearing is to determine whether the allegations of the Section 1103 petition are true and whether the juvenile should be made a ward of the court. After a juvenile is adjudged delinquent, the court proceeds to determine what disposition should be made in accord-ance with 10 O.S.Supp.1978, § 1116, et seq. The court is guided in the conduct of dispositional hearings by the provisions of 10 O.S.Supp.1978, § 1115.

■ The situation which has arisen in the case at bar was apparently not contemplated by the Oklahoma Statutes. The reference to a "Petition" (see 10 O.S.Supp.1978, § 1103), and to an "adjudicatory hearing" (see 10 O.S.1978, § 1101, ¶ [f]), clearly relate to the initiating of a juvenile proceeding against a juvenile who is not already subject to the jurisdiction of the District Court. On the other hand, the hearing which was held on January 12 and 16, 1979, in the instant case was clearly of an adjudicatory nature, even though the State entitled its pleading a motion rather than a petition. The State presented a number of new witnesses, and the judge found that the juvenile had committed the act of Unauthorized Use of a Motor Vehicle.

■ When an adult who has been convicted of a crime commits a subsequent crime, the State must initiate a new proceeding. There is more involved than the question of personal jurisdiction. Additionally, there is the consideration of adequate and timely notice, which is the cornerstone of due process.

■ We, therefore, hold that when a juvenile has been accused of committing an act which would be a crime if committed by an adult, and a hearing of an adjudicatory nature is to be held to determine the merits of the accusation, then the State must comply with all the statutes pertaining to adjudicatory hearings. This includes the filing of a verified petition, with the witnesses endorsed thereon (Section 1103, supra), the issuance and service of summons (10 O.S. Supp.1978, §§ 1104 and 1105), the right to a jury trial (Section 1110, supra), the use of the rules of evidence (10 O.S.Supp.1978, § 1111), and all other applicable provisions of the Statutes.

■ Since the juvenile in this case was not accorded these due process safeguards, the ruling of the Juvenile Division of the

District Court must be *REVERSED* and the case *REMANDED* for further proceedings.

BRETT and BUSSEY, JJ., concur.