740 P.2d 1201 (1987)
M.L.R., Appellant,
v.
The STATE of Oklahoma, Appellee.
Nos. J-87-31, J-87-32.
Court of Criminal Appeals of Oklahoma.
July 29, 1987.
Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.
J. Dennis Semler, Asst. Dist. Atty., Lucy Kroblin, Legal Intern, Juvenile Div., Tulsa, for appellee.

OPINION
PARKS, Judge:
The appellant, M.L.R., being sixteen (16) years old at the time of the alleged offenses, *1202 was certified to stand trial as an adult for the offenses of Burglary of an Automobile (21 O.S. 1981, § 1435) in Case No. JVJ-86-17, and Possession of a Stolen Vehicle (47 O.S. 1981, § 4-103) in Case No. JVJ-86-975, in Tulsa County District Court, Juvenile Division, before the Honorable B.R. Beasley, Associate District Judge. The records in both cases have been cross-referenced, and the cases are consolidated herein for review. We reverse.
We find merit in the first assignment of error raised by appellant in both appeals. Appellant asserts that the failure of the State to issue summonses providing advance written notice to his parents or legal guardian violated the mandatory provisions of 10 O.S.Supp. 1984, § 1104.1 and 10 O.S. 1981, § 1104, and the due process clause of the Fourteenth Amendment. The transcript of the prosecutive merit hearing of October 23, 1986, indicates that counsel for appellant informed the trial judge that to his knowledge the required notice had not been given to all appropriate parties, and that "[w]e are not in a position at this point to waive the proper statutory notices... ." The State contends that "[w]hile the failure of the State to adequately issue summonses may be error under 10 O.S.Supp. 1984 § 1104.1(A), the error is harmless where there has not been a `substantial violation of a constitutional or statutory right'... ." See 20 O.S. 1981, § 3001.1. The appellee concedes that no summons was issued to either of appellant's parents, but claims that the error was "harmless" because the appellant's parents were incarcerated. The State did not present any evidence to establish that the appellant's parents were incarcerated.
In Crandell v. State, 539 P.2d 398, 401 (Okl.Cr. 1975), in writing for a unanimous court, Judge Brett stated:
Adequate and timely notice is a fundamental requirement of the constitutional guarantee of due process of law. The information filed in this case is sufficient to provide such notice to the accused. In a juvenile proceeding, however, due process requires that `the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.' Re Gault, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527, 549 [(1967)]. (Emphasis added)

The provisions of sections 1103, 1104 and 1105 of Title 10 of the Oklahoma Statutes are designed to provide such written notice to the parent or guardian of the child who has committed an offense and come within the purview of the Juvenile Act. It is clear that an information ... cannot adequately substitute for the meticulous provisions for notice to the parent, guardian or person having custody or control of the child. Those provisions are mandatory, and the procedure set forth therein must be followed in every juvenile proceeding where a child may be adjudicated a delinquent or certified to stand trial as an adult.

Relying on Crandell, this Court held in Brown v. State, 550 P.2d 963, 968 (Okl.Cr. 1976), that: "The notice provisions are mandatory. Any certification order arising out of a hearing held without such mandatory notice is void."
Title 10 O.S. 1981, § 1104 provides in relevant part:
(b) The summons shall be served on the person who has actual custody of the child ... If the person who has actual custody of the child shall be other than a parent or guardian of the child, a copy of the summons shall be served on the parent or guardian, or both, as hereinafter provided. A copy of the summons shall be served on each parent. If no parent or guardian can be found, a summons shall be served on such other person or persons as the court shall designate... .
(c) If it subsequently appears that a person who should have been served was not served and has not entered an appearance, the court shall immediately *1203 order the issuance of a summons which shall be served on said person.

In addition, the appellant correctly asserts that several witnesses were not endorsed on the verified petition as required by 10 O.S.Supp. 1982, § 1103(B). Counsel for appellant specifically objected to the testimony of Tamara Baughaus, Lewis Baughaus, and Officer William Roberts on the ground that they had not been properly endorsed. Again, the State concedes that the witnesses were not properly endorsed, but contends that the endorsement of such witnesses in open court on the date of the prosecutive merit hearing constituted at most "harmless" error. This Court has previously held that:
when a juvenile has been accused of committing an act which would be a crime if committed by an adult, and a hearing of an adjudicatory nature is to be held to determine the mertits of the accusation, then the State must comply with all the statutes pertaining to adjudicatory hearings. This includes the filing of a verified petition, with the witnesses endorsed thereon (Section 1103, supra), the issuance and service of summons (10 O.S.Supp. 1978, §§ 1104, 1105) ... and all other applicable provisions of the Statutes.
Since the juvenile in this case was not accorded these due process safeguards, the ruling of the Juvenile Division of the District Court must be REVERSED and the case REMANDED for further proceedings.
In re J.L.M., 598 P.2d 243, 246-47 (Okl.Cr. 1979).
Based on the foregoing, we find that the certification order in the instant case is rendered void because of the total failure of the State to serve advance written notice upon the appellant's parents or guardian in compliance with the notice, issuance, and service of summons requirements contained in 10 O.S. 1981, §§ 1103-1105 & 1112, and because of the failure to properly endorse witnesses under 10 O.S. Supp. 1982, § 1103(B). In our view, the foregoing errors relating to due process safeguards in juvenile proceedings constituted a "substantial" violation of a constitutional or statutory right under Crandell and Brown. Accordingly, 20 O.S. 1981, § 3001.1 does not render the error harmless as contended by the appellee. Moreover, we are not persuaded that the error was rendered harmless on the ground that the appellant's parents were both incarcerated as alleged by the State, but not established by the record. The record before this Court indicates that the State made no attempts whatsoever to satisfy the mandatory requirements of the foregoing statutory provisions requiring service of advance written notice upon the parents or guardian of the appellant.
Finally, we reject appellee's contention that the appellant waived his right to appeal the certification order by subsequently entering pleas of guilty to the criminal charges. Appellant's reliance on Stokes v. State, 738 P.2d 1364, 1365-66 (Okl.Cr. 1987), is misplaced, as Stokes held that a subsequent guilty plea waived irregularities concerning the preliminary hearing and joinder of multiple counts. Under Brown, supra, the certification order was "void" because of the State's failure to comply with the due process safeguards requiring advance written notice to the parents or guardian of the juvenile and endorsement of the witnesses upon the verified petition.
For all of the foregoing reasons, the order of the juvenile court certifying the appellant to stand trial as an adult in Case Nos. JVJ-86-17 and JVJ-86-975 is REVERSED and REMANDED for further proceedings consistent with this opinion.
BRETT, J., concurs.
BUSSEY, J., concurs in part/dissents in part.
BUSSEY, Judge, concurring in part/dissenting in part:
I must agree with the Court that the District Attorney's handling of this matter was at best deplorable. Due to the blatant disregard for statutory procedures and M.L.R.'s constitutional right to due process, I concur in reversal of the order certifying *1204 M.R.L. to stand trial as an adult on the charge of Burglary of an Automobile.
However, I must respectfully dissent to the reversal of the order certifying M.L.R. to stand trial as an adult on the Possession of a Stolen Vehicle charge. The record reflects that this charge was filed as a separate case, and that M.L.R. waived his right to a certification hearing. On this record, I cannot find that the order shows an abuse of discretion or an error which "has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right." 20 O.S. 1981, § 3001.1.