v.

**The STATE of Oklahoma, Appellee.**

**No. J–88–4.**

Court of Criminal Appeals of Oklahoma.

Aug. 24, 1988.

As Corrected Sept. 23, 1988.

Scott W. Braden, Asst. Appellate Public Defender, Norman, for appellant.

R.J. Jacobsma, Asst. Dist. Atty., Lawton, for appellee.

## OPINION

PARKS, Judge:

The appellant, C.D.H., a juvenile of the age of sixteen, born March 1, 1971, was certified to stand trial as an adult for First Degree Robbery By Force or Fear (21 O.S. 1981, §§ 791, 797), in Comanche County District Court, Juvenile Division, in Case No. JFJ–86–52, before the Honorable Peter Clinton Moore, Special Judge. This Court granted appellant an appeal out of time on November 5, 1987. We reverse.

On July 29, 1987, the State filed motions to certify appellant as an adult and for further disposition in Case No. JFJ–86–52. At the prosecutive merit hearing held on August 18, 1987, the testimony showed that on July 22, 1987, appellant and another

juvenile, S.N., forcefully snatched a purse from Mrs. Cleo Wheeler. A hearing on amenability to rehabilitation was held on September 2, 1987, where the Honorable Peter Moore combined Case Nos. JFJ–86–52 and JFJ–86–220, with Case No. JFJ–85–286, and determined that appellant was not amenable to treatment within the juvenile system. Although the State joined in the motion by appellant's defense counsel to certify appellant as a child and proceed on the juvenile docket, the magistrate certified appellant as an adult.

In his first assignment of error, appellant contends that the failure of the State to file a verified petition alleging the commission of first degree robbery and to endorse any witnesses denied appellant due process. Appellant correctly points out that the motion to certify appellant as an adult was filed in Case No. JFJ–86–52, wherein the petition alleged appellant had committed the crime of unauthorized use of a motor vehicle. The State never filed a verified petition on the charge of First Degree Robbery, which was the ground set forth in the motion to certify appellant as an adult, and the charge for which the trial judge found appellant was not amenable to rehabilitation. The State responds that the trial court had previously obtained personal jurisdiction over appellant "when a petition alleging the Appellant had committed the crime of unauthorized use of a motor vehicle was filed in [Case No. JFJ–86–52] on March 5, 1986. The court entered an order of adjudication and disposition on March 25, 1986. At the time the motion to certify and the companion motion for further disposition were filed, the court had on going personal jurisdiction over the Appellant." *Brief of Appellee*, at 3.

A similar situation occurred in *Matter of J.L.M.*, 598 P.2d 243, 245–46 (Okla.Crim. App.1979), wherein the Court expressly rejected such an approach, analogizing that when "an adult who has been convicted of a crime commits a subsequent crime, the State must initiate a new proceeding." It is clear that when a juvenile commits a subsequent offense, after having been ad-

judicated a delinquent based on a prior petition, "the State must comply with all the statutes pertaining to adjudicatory hearings ... [including] ... the filing of a verified petition, with the witnesses endorsed thereon ... and all other applicable provisions of the Statutes." *Id.* at 246.

Accordingly, the ruling of the Juvenile Division of the Comanche County District Court must be REVERSED and REMAND-ED for further proceedings consistent with this opinion.

BRETT, P.J., and BUSSEY, J., concur.