The foregoing memorandum constitutes our findings of fact and conclusions of law.

The Clerk is directed to enter judgment in accordance herewith, awarding claimant Philipp Transit Lines, Inc., out of the fund deposited, the sum of $6,848.56 plus interest thereon at 4% per annum from December 1, 1968 in the present amount of $1,158.54, awarding claimant United States of America, out of the fund deposited, the sum of $13,707.48 plus interest at 6% per annum accrued on the assessments in the present amount of $5,262.45, awarding claimant Beaufort Transfer Company, out of the fund deposited, the sum of $4,889.80, awarding the balance of the fund deposited to Fischer Trucking Company, disallowing all other claims to the fund, and dismissing the cross-claim of Philipp Transit Lines, Inc. without prejudice.

**Howard E. MASON, Petitioner,**

v.

**Park J. ANDERSON, Warden, Respondent.**

**No. Civ-72-769.**

United States District Court, W. D. Oklahoma.

March 29, 1973.

EUBANKS, District Judge.

## SECOND REPORT OF THE UNITED STATES MAGISTRATE

The undersigned having examined the files and records in this proceeding submits the following report:

### I. NATURE OF PROCEEDING

This is a petition for a writ of habeas corpus by a state prisoner in which he challenges the validity of the judgments and sentences of the District Court of Oklahoma County, in Cases Numbered 29268 and 30076, wherein on February 10, 1965, he received two concurrent five year terms of imprisonment which have already been served and the petitioner discharged on December 15, 1967.

### II. ALLEGED GROUNDS FOR VOIDING THE JUDGMENTS AND SENTENCES IN SAID CASES NUMBERED 29268 and 30076

1. Petitioner was not advised of his right to appeal the guilty pleas and when he filed an application for post conviction relief he was denied a Casemade at public expense.

2. Petitioner was without counsel at the time he entered his pleas of guilty.

3. The district court failed to advise petitioner of his rights and through his pleas of guilty, he waived such rights, before accepting his pleas.

4. The district court failed to first ascertain and place on the record that defendant's pleas of guilty were voluntary and made with full understanding of the nature of the facts in relation to the charges before accepting the pleas of guilty.

5. The district court failed to determine if there was a factual basis for the defendant's pleas of guilty before accepting his pleas.

6. The petitioner's pleas of guilty were involuntary because he was coerced by threats and the state failed to keep the plea bargain made with him.

## III. FINDINGS OF FACT

On February 10, 1965, petitioner entered pleas of guilty to the charge of forgery in second degree in Case No. 29268 and to the charge of illegal possession of narcotics in Case No. 30076. The court sentenced the petitioner to terms of five years imprisonment in each case to run concurrently. The petitioner completed service of these sentences and was discharged from custody December 15, 1967.

2. The petitioner is confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, by virtue of judgments and sentences of the District Court of Oklahoma County in Cases Numbered CRF–69–2754 and CRF–69–2832. On January 26, 1970, the petitioner plead guilty in Case No. CRF–69–2754 to the charge of burglary in the second degree after former conviction of a felony and in Case No. CRF–69–2832 to the charge of obtaining a thing of value by bogus check after former conviction of a felony. In each of these cases, the court imposed a sentence of 15 years imprisonment to run concurrently. Petitioner does not in this proceeding challenge the judgments and sentences in these two cases (see petitioner's "Traverse").

3. No direct appeal of the judgments and sentences in Cases Numbered 29268 and 30076 was taken.

4. An application for post conviction relief in Cases Numbered 29268 and 30076 was filed in the sentencing court. The Attorney General advises that the allegations contained therein were similar to ones now urged in this court. The District Court of Oklahoma County denied the relief sought without an evidentiary hearing on March 24, 1972.

5. An appeal by the petitioner to the Court of Criminal Appeals from the Order denying post conviction relief was unsuccessful in Case No. A–17,413.

## IV. CONCLUSIONS OF LAW

The threshold question in this proceeding is whether this court has jurisdiction to entertain this petition. Admittedly, the petitioner on December 15, 1967, completed the sentences imposed pursuant to the convictions which he now denounces. His present detention is under the sentences received by him in 1970. In Ward v. State of Oklahoma, 376 F.2d 847 (CA 10 1967) our court of appeals held:

"Habeas corpus is available only to a prisoner who is in custody pursuant to the court judgment which is challenged by the proceeding."

This case would appear to foreclose to the petitioner habeas relief in this proceeding. Its continued vitality, however, has not been reviewed by the court since the decision of the Supreme Court in Carafas v. Le Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 rendered May 20, 1968. Therein the petitioner sought habeas corpus *before* his sentence expired but his application was not finally adjudicated until *after* his sentence expired and he was unconditionally released from custody. On those facts the court held that the case was not moot and that jurisdiction over the *timely* brought petition had not been terminated by petitioner's release:

" . . . once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." 391 U.S. at 238, 88 S.Ct. at 1560.

The court emphasized that the petitioner was in custody when he filed his application and affirmed:

"The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed. This is required not only by the repeated references in

the statute, but also by the history of the great writ." 391 U.S. at 238, 88 S.Ct. at 1560.

In short, the court merely ruled that mootness, resulting from the delay in the appellate process, would not prevent habeas corpus relief. It did not hold that a habeas corpus petition could be instituted when the petitioner was not in custody. United States v. Meyer, 417 F.2d 1020, 1022 n. 2 (CA 8 1968). It has been observed by the editors in Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1077 (1970):

> "[in] deciding the case as it did, the court gave several indications that it was consciously eschewing its opportunity to extend the custody concept to include petitioner's disabilities. First, by refusing to consider the collateral restraints themselves a custody, Carafas results in an apparent, arbitrary distinction. The negative pregnant of the not-moot holding is that habeas relief is not available to those who apply for the writ after their release, even though they may be subject to the same disabilities which the Court saw as sufficient to warrant a remedy in Carafas . . . Second, the court twisted the statutory language to reach even this limited result. The statute specifies that '[t]he writ . . . shall not extend to a prisoner unless . . . [h]e is in custody. . . .' Although the writ had not issued prior to Carafas' release, the court held jurisdiction had attached, since the statute requires only 'that the applicant must be "in custody" when the application for habeas corpus is filed.' . . ."

Nevertheless, the trend in the courts has been to treat Carafas as relaxing the "in custody" requirement imposed on applicants for habeas corpus. In Capetta v. Wainwright, 406 F.2d 1238 (CA 5 1969) the court sustained habeas corpus jurisdiction where the petitioner had already served the sentence he was attacking but was "in custody" for another offense on a separate sentence which was not being attacked and claimed that if he should prevail on the merits of his petition he would under Florida law be entitled to credit in some degree on the sentence which he was then serving. In Lyons v. Brierley, 435 F.2d 1214 (CA 3 1970) the court found jurisdiction to consider a habeas corpus attack on the validity of a fully served sentence petitioner was required to complete which thereby postponed the commencement of a later sentence on another unchallenged conviction for which the petitioner was still incarcerated. cf. United States, ex rel. Myers v. Smith, 445 F.2d 75 (CA 2 1971) (court had no jurisdiction where petitioner serving an unrelated sentence attacks an earlier conviction which had been fully served and the petitioner released and the petitioner did not allege that the prior conviction had affected his present detention) and United States ex rel. Collins v. Cady, 322 F.Supp. 1168 (E.D.Wis.1971) (court had no jurisdiction where petitioners convicted of misdemeanor had already served their sentences and were in custody under convictions which could in no way be linked or attributable to the conviction under attack).

In the light of these cases it would appear that this court has jurisdiction if the convictions now under attack bear some positive relation to petitioner's present confinement so that if they are invalidated the petitioner's present confinement would be shortened or terminated. First, such a relationship would exist if we were to find, as petitioner insists we should, that he would be entitled to apply the time served under any such void conviction to his present sentences. This must be determined in accordance with the Oklahoma law. Handley v. Page, 279 F.Supp. 878 (W.D. Okla.1968), affirmed 398 F.2d 351 (CA 10 1968), cert. denied 394 U.S. 935, 89 S.Ct. 1212, 22 L.Ed.2d 466; Johnson v. Beto, 383 F.2d 197 (CA 5 1967); Burns v. Crouse, 339 F.2d 883 (CA 10 1964), cert. denied 380 U.S. 925, 85 S.Ct. 930,

13 L.Ed.2d 811. See also Newell v. Page, 280 F.Supp. 203 (W.D.Okl.1968); Howard v. Craven, 306 F.Supp. 730 (C.D. Cal.1969); Gross v. Sarver, 307 F.Supp. 1105 (E.D.Ark.1970). The rule in Oklahoma is set forth in Syllabus No. 1 of Martin v. Page, 484 P.2d 1319, 1320 (Okl.Cr.1971):

"Prison time served under a voided conviction will not be credited upon a sentence incurred for an entirely different offense subsequent to release from prison on the voided sentence."

Clearly under this rule, the petitioner would not be entitled to credit upon his present sentences if the challenged convictions were voided since the current sentences were incurred after the petitioner had completed the questioned sentences and had been released from prison. Petitioner's reliance upon Lamb v. Page, 482 P.2d 615 (Okl.Cr.1971) is misplaced for the distinction recognized in the Martin case applies also to this petitioner:

"Petitioner cites Lamb v. Page, Okl. Cr., 482 P.2d 615 (1971), as authority for his position. However, Lamb is distinguishable from the instant case in that Lamb was at the penitentiary under more than one sentence. Lamb was initially booked in under the sentence we later held to be void. As a matter of fairness in that particular situation, this Court allowed time served under the voided sentence to apply toward fulfillment of existing sentences Lamb 'May now be serving.' For if not booked in on the voided sentence, Lamb would have been serving the other sentences." 484 P.2d at 1321.

Similarly, the case of Goodwin v. Page, 296 F.Supp. 1205 (E.D.Okl.1969) urged by petitioner as authority that he would receive credit if his old convictions were voided is distinguishable on its facts from petitioner's circumstances. There petitioner was incarcerated under a life sentence imposed in 1936. In 1961 he had been paroled under this sentence and while on parole committed an of-

fense for which he received a five year sentence in 1963. His parole was also revoked and he was returned to the penitentiary on April 30, 1963, under his original sentence. In the habeas corpus proceeding the original life sentence was declared void and since the petitioner had already served five years subsequent to the revocation of his parole this time was credited against the valid sentence. The commencement of petitioner's custody under the subsequent valid sentence was delayed by the revocation of his parole on the original invalid sentence and the court therefore ordered his release since his sentence under the valid conviction would have been served but for his incarceration under the invalid sentence. If the petitioner could successfully void his prior convictions Oklahoma law nevertheless would preclude the application of the time served under these sentences to reduce the amount of time he is required to serve under his present incarceration.

The necessary relationship between petitioner's present confinement and the prior convictions might however be demonstrated if the invalidation of the former convictions would necessarily render void the present sentences of the petitioner under the Oklahoma Subsequent Offender Statute. It does not appear, however, that such a result would follow from petitioner's success in this proceeding. Petitioner plead guilty to both of the 1970 charges. He does not contend that these pleas were not made voluntarily with full understanding of the nature of the charges and the consequences of the pleas. A plea of guilty has the effect of admitting all material facts alleged in the charge. Kahl v. United States, 204 F.2d 864 (CA 10 1953). When the petitioner intelligently and voluntarily entered his pleas of guilty on January 26, 1970, in Cases Numbered CRF–69–2754 and CRF–69–2832, one of the elements for each offense which he admitted was the fact of a valid prior conviction. A plea of guilty is a waiver of all non-jurisdictional defenses. United States v. Soltow, 444

F.2d 59 (CA 10 1971); Atkins v. State of Kansas, 386 F.2d 819 (CA 10 1967); Mahler v. United States, 333 F.2d 472 (CA 10 1964), cert. denied 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed.2d 613. The Supreme Court has declared that:

> "The plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial. . . . " Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970).

Directly in point on the issue of the effect of a guilty plea to an enhancement charge is Zales v. Henderson, 433 F.2d 20 (CA 5 1970) wherein the court persuasively reasons:

> "[1, ■ A guilty plea 'differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required: the court has nothing to do but give judgment and sentence.' Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L. Ed. 1009, 1012. And in the leading exposition of this Court on the effect of a guilty plea, we stated:
>
> 'It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea. . . . '
>
> Busby v. Holman, 5 Cir., 1966, 356 F. 2d 75, 77–78. Guided by Busby we

have often enumerated the kinds of defects that a defendant waives when he pleads guilty. See, e. g., Brown v. Beto, 5 Cir., 1967, 377 F.2d 950 (illegal confession plus no counsel when it was taken); Hamilton v. Florida, 5 Cir., 1968, 390 F.2d 872 (illegal detainment, incompetent counsel, warrantless arrest); Askew v. Alabama, 5 Cir., 1968, 398 F.2d 825 (denial of the right to counsel and to confront witnesses at a preliminary hearing); White v. Beto, 5 Cir., 1968, 399 F.2d 302 (conviction based on insufficient evidence); Chandler, note 7, supra [5 Cir., 413 P.2d 1018] (denial of preliminary hearing); Todd v. United States, 5 Cir., 1969, 418 F.2d 134 (defense of insanity); Frye v. United States, 5 Cir., 1969, 411 F.2d 562 (alibi defense); Rice v. United States 5 Cir., 1969, 420 F.2d 863 (denial of bail, wrong offense in indictment).

■ Thus it is Zales' guilty plea at the habitual offender hearing that separates his case from *Burgett*. Zales waived any complaints he may have had concerning the former offenses which were set out in the enhancement charge. On the other hand, had the plea been not guilty, it would have put in issue all matters going to the validity of the prior convictions including the presence of counsel at the previous trials. If Zales had proved that *no counsel had been present* he then could have been possibly the first to argue the retroactivity of *Gideon*. Or Zales could have raised the *Burgett* question before Burgett did.

The information of the prosecutor clearly accused Zales of four felonies. His plea admitted those acts. He now seeks to show that his convictions for those acts are invalid for lack of counsel. But the Supreme Court has answered:

> 'We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is

charged simply because it later develops that the State would have had a weaker case than the defendant had thought. . . .'

*Brady, supra,* 397 U.S. at 757, 90 S.Ct. at 1474." (Footnotes omitted). 433 F.2d at 23 and 24.

A court is not required to consider a petitioner's challenge to his former convictions if he has voluntarily and knowingly plead guilty to the enhancement charge. Price v. Beto, 436 F.2d 1070 (CA 5 1971).

We must conclude that convictions now under attack do not bear a positive relation to petitioner's present confinement so that if they were set aside his current sentences would be shortened or terminated. Accordingly, when his petition was filed, the petitioner was not "in custody", either literally or by expanded definition thereof, pursuant to the court's judgments which are challenged by this proceeding. Therefore, this court does not have jurisdiction.

## V. RECOMMENDATION

Petition for Writ of Habeas Corpus should be dismissed.

[s] Charles R. Jones
UNITED STATES MAGISTRATE

## ORDER

The court having examined the files and records in this proceeding together with the Second Report of the United States Magistrate and being fully advised in the premises, finds:

1. This is a petition for a writ of habeas corpus by a state prisoner who challenges the validity of the judgments and sentences of the District Court of Oklahoma County, in Cases Numbered 29268 and 30076. On February 10, 1965, after pleas of guilty in each case, the petitioner received concurrent five year terms of imprisonment. The imprisonment was served and petitioner discharged from custody on December 15, 1967.

2. The petitioner is in confinement in the Oklahoma State Penitentiary at McAlester, Oklahoma, pursuant to judgments and sentences of the District Court of Oklahoma County in Cases Numbered CRF–69–2754 and CRF–69–2832. On January 26, 1970, in Case No. CRF–69–2754 petitioner plead guilty to the charge of burglary in the second degree after former conviction of a felony, and in Case No. CRF–69–2832 plead guilty to the charge of obtaining a thing of value by a bogus check after former conviction of a felony. A sentence of 15 years imprisonment was imposed in each case, the sentences to run concurrently.

3. The convictions now under attack bear no positive relation to petitioner's present confinement so that if they were invalidated petitioner's present confinement would be shortened or terminated.

4. The petitioner was not "in custody" pursuant to the court's judgments and sentences which are challenged by this proceeding when the petition was filed.

5. This court does not have jurisdiction to proceed since the federal habeas corpus statute requires that the petitioner be "in custody" when the application for habeas corpus is filed.

It is therefore ordered:

1. The Petition for Writ of Habeas Corpus is dismissed;

2. That a copy of this Order be mailed by the clerk of this court to the petitioner together with a copy of the Second Report of the United States Magistrate;

3. That the clerk of this court furnish to the respondent a copy of this Order together with a copy of the Second Report of the United States Magistrate by mailing the same to the Attorney General of the State of Oklahoma.