v.

**The STATE of Oklahoma, Appellee.**

**No. J–88–1029.**

Court of Criminal Appeals of Oklahoma.

June 14, 1989.

Jamie D. Pybas, Asst. Appellate Public Defender, Norman, for appellant.

R.J. Jacobsma, Dist. Attys. Office, for appellee.

## OPINION

LANE, Judge:

On February 26, 1988, a juvenile petition and motion to certify the juvenile to stand trial as an adult were filed against R.C.R. in the District Court of Comanche County, Oklahoma, Case No. JFJ–88–37. The Petition alleged that R.C.R. was a delinquent child by reason of his committing the offense of Assault and Battery with a Dangerous Weapon. On the same day, the juvenile and his mother appeared in court, an attorney was appointed and bond was set. On March 23, 1988, a prosecutive merit hearing was held which resulted in a ruling in favor of the State of Oklahoma. On May 17, 1988, a hearing on amenability to rehabilitation was held, and the trial court found Appellant was not amenable to treatment in the juvenile system of Oklahoma. This appeal is taken from the last ruling of the trial court.

Appellant raises three propositions of error. Although we find no reversible error in two of the three propositions, it is unnecessary to discuss them because of reversible error raised by the third proposition.

Appellant complains that neither he nor his father were provided with timely notice of the certification proceedings in accordance with the Oklahoma Statutes. The record reveals that the only person served with a summons and notice was Appellant's mother.

The record indicates that Appellant was arrested for Assault and Battery with a Dangerous Weapon and placed in the detention center in Comanche County. A Detention Hearing was held as required by law, and the Appellant and his mother appeared. At that hearing the Prosecutive Merit Hearing was docketed. In this situation, our rule is that when a juvenile makes an appearance at a hearing, either voluntarily or involuntarily, notice is waived. As far as R.C.R. is concerned, the jurisdictional requirement of service on the child as required by 10 O.S.Supp.1987, § 1104(b) has been met. *Nickell v. State*, 562 P.2d 151 (Okl.Cr.1977). At the Detention Hearing R.C.R. and his mother were both advised of the Prosecutive Merit Hearing, and at the close of the Prosecutive Merit Hearing they were both advised of the Amenability Hearing. Under the *Nickell* rationale, this would satisfy the notice of Certification Hearings as required by Title 10 O.S.1981, § 1112(b). Therefore, the objections to the jurisdiction over the child are not valid.

However, we find that failure to serve the father with a summons as required by Section 1104(b) is a fatal omission. This section mandates that a summons must be served on *each* parent, with only two exceptions which are not involved in this case. In *M.L.R. v. State*, 740 P.2d 1201 (Okl.Cr.1987) we stated:

In *Crandell v. State*, 539 P.2d 398, 401 (Okl.Cr.1975), in writing for a unanimous court, Judge Brett stated:

"Adequate and timely notice is a fundamental requirement of the constitutional guarantee of due process of law. The information filed in this case is sufficient to provide such notice to the accused. In a juvenile proceeding, however, due process requires that 'the child *and his parents or guardian be notified, in writing,* of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.' *Re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527, 549 [ (1967) ]. (Emphasis added).

*The provisions of sections 1103, 1104 and 1105 of Title 10 of the Oklahoma Statutes are designed to provide such written notice to the parent or guardian* of the child who has committed an offense and come within the purview of the Juvenile Act. It is clear that *an information ... cannot adequately substitute for the meticulous provisions for notice to the parent, guardian or person having custody or control of the child. Those provisions are mandatory, and the procedure set forth therein must be followed in every juvenile proceeding where a child may be* adjudicated a delinquent or *certified to stand trial as an adult.*

Relying on *Crandell*, this Court held in *Brown v. State*, 550 P.2d 963, 968 (Okl. Cr.1976), that:

"The notice provisions are mandatory. Any certification order arising out of a hearing held without such mandatory notice is void."

*Id.* at 1202.

The State justifies the failure to give the father notice of the Certification Hearing by referring to the provision of Section 1112(b) which states that notice is not required to be served by publication when a person's address is not known. We would first point out that this section only refers to the notice of the Certification Hearing and does not excuse the service of summons as required by Section 1104(b) which establishes the basic jurisdiction of the proceeding. Without this basic jurisdiction the Certification Hearing could not be held. Furthermore, we feel that the State has failed to justify the conclusion that the address of the father is unknown. Nowhere in the proceedings is it reflected that the State made any effort at all to obtain the address of the father. The record does reflect that the mother and father were separated and that R.C.R. was living with his mother in Lawton, Oklahoma. Richard E. Lowe of the Comanche County Juvenile Bureau subscribed to the Petition that alleged delinquency, and in the Petition stated the whereabouts of the father were

unknown to him. This same Richard E. Lowe, in his testimony during the Amenability Hearing, revealed that the father was living in Chickasha, Oklahoma, and on many occasions visited R.C.R. at the detention center in Lawton. Under these circumstances, it is difficult for this Court to understand why the father's whereabouts were unknown and unascertainable by the State.

Even assuming that at the time the Petition was filed the father's whereabouts were unknown to the State and a reasonable effort had been made to determine where he was, this does not excuse the State's failure to comply with 10 O.S.Supp. 1987, Supp. § 1104(c) which states:

> [I]f it subsequently appears that a person who should have been served was not served and has not entered an appearance, the court shall immediately order the issuance of a summons which shall be served on said person.

From the testimony at the Amenability Hearing it is obvious that the State of Oklahoma knew or could reasonably have ascertained the address of the father prior to the time of that hearing, and no effort was made to serve him.

Due to the lack of service and notice upon Appellant's father we hereby declare the Certification Order issued by the District Court of Comanche County to be void and REMAND this matter back to that court for proceedings in compliance with this opinion.

BRETT, P.J., PARKS, V.P.J., and LUMPKIN, J., concur.

Bussey, J., not participating.