v.

The STATE of Oklahoma, Appellee.

No. J–89–433.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1989.

Rehearing Denied Sept. 7, 1989.

Harold O. Welch, Asst. Public Defender, Tulsa, for appellant.

Stephen L. Rouse, Asst. Dist. Atty., Tulsa, for appellee.

## OPINION

BRETT, Judge.

Appellant, G.J.I., a juvenile age 13, born April 8, 1975, was charged with being a delinquent child on February 13, 1989; he had been placed in temporary detention on February 11, 1989, Tulsa County Case No. JVJ–89–89. He has been charged and found, by a jury, to be delinquent due to having committed attempted second degree rape of his two year old sister on February 11, 1989.

G.J.I. had been a custodial patient at Children's Medical Center in the summer of 1988 but had run away and returned to his parent's home. G.J.I. had been in a class for emotionally disturbed children for the last five years. He was admitted to Hillcrest Hospital in the Mental Health Unit on December 9, 1988. He was discharged from Hillcrest on January 25, 1989, due to his family's inability to pay for his treatment; a request for public funds had been refused. The psychiatrist's and clinical psychologist's report from Hillcrest showed G.J.I. is suffering from major depression, conduct disorder of adolescence, and he has a passive aggressive personality-progressive type disorder. He has a history of violence which includes striking his parents and classmates; he has also admitted to contemplating suicide on numerous occasions. His I.Q. is low-average with a composite score of 88. The evaluation and recommendation from Hillcrest, when he was released in January of 1989, was as follows:

It does appear that this child had a demonstrable mental illness and as a result of this mental illness can be expected within the near future to intentionally or unintentionally seriously and physically injure himself or another person, and he engaged in one or more recent overt acts or made significant recent threats which substantially support this expectation. Clearly the patient's behavior has deteriorated over the last several months and unless serious intervention is made in the form of hospitalization, his behavior will continue to deteriorate to very serious levels.

It is recommended that G.J.I. receive treatment on an inpatient psychiatric unit designed for adolescents.

Approximately six weeks later, the attempted rape incident occurred. G.J.I.'s mother found G.J.I. sitting on the side of his bed nude from the waist down with his two year old sister, also naked from the waist down, straddling his lap. She was whimpering; G.J.I. had his hands on her

buttocks holding her in place. A medical examination that same evening revealed a laceration in the posterior fouchette, the skin area between the vagina and anus, with blood present at the site.

G.J.I.'s mother testified G.J.I. and the family had, previous to February 11, 1989, had some counseling on appropriate sexual behavior, particularly between siblings. The reason for the previous therapy was not brought out. G.J.I.'s father was not served with summons; he was not at the hearing and there is no waiver of service in the record. The petition and summons showed the father resides in the home. There is no evidence in the record or the transcript explaining or justifying the father's absence from these proceedings or the failure to serve him with a summons as required by 10 O.S.Supp.1988, § 1104(b)(c).

Appellant has raised two issues on appeal and this Court is raising, *sua sponte*, a third.

■ Appellant's first issue is a claim that he was incompetent to aid his attorney in his defense at the delinquency hearing. He claims he should have this issue answered by the procedure set out in 22 O.S. 1981, §§ 1175.1–1175.8. Aside from two United States Supreme Court cases that do not address this issue directly, the only authority cited from Oklahoma are *Kern v. Oklahoma* 522 P.2d 644 (Okl.Cr.1974) and *In re Wiggins* 425 P.2d 1004 (Okl.Cr.1967) neither of which deal with delinquency proceedings. The trial court, acting on appellant's petition, considered the issue of extending the competency statutes to juveniles at this stage of a juvenile proceeding and found it was neither appropriate nor necessary. We agree.

In his ruling the trial Judge articulated that:

In Title 22 Section 1175.1, the Court, however, finds at this time that the provisions of Title 22 Section 1175.1 through 1175.8 are not applicable to juvenile proceedings. Due to the nature of the juvenile proceedings, the nature of the persons before the Court, the fact that the law provides that children under a partic-

ular age are presumed not to be competent to commit a crime and there's an interim age in which the Court may find that competence, but that those limitations do not restrict this Court's ability to deal with those children as delinquent children. It also appears to the Court that the nature of juvenile proceedings themselves, being specifically not criminal proceedings and being directed towards rehabilitation of a juvenile, indicates to this Court the intent of the legislature to deal with juveniles regardless of mental state in an effort to provide rehabilitation and necessary treatment.

With those statements the Court will find that the statute as indicated is inapplicable to these proceedings and therefore deny the motion to determine competency filed pursuant to those statutes.

The juvenile code provides for dealing with children with mental disorders of all degrees. G.J.I.'s counsel did not petition the Court to add to the delinquency petition a determination that G.J.I. is a child in need of treatment in addition to the delinquency claim made by the State. *See* 10 O.S.1981, § 1103(c). The issue of G.J.I.'s mental health was considered by the court at the hearing and that information presumably will be factored in on his plan when it is drafted. 10 O.S.1981, § 1116.1. This procedure is a comprehensive substitute for the competency statutes found in 22 O.S. 1981, §§ 1175.1–1175.8.

■ The other proposition raised by G.J. I.'s counsel is a claim that he should have been allowed to defend against the crime that was alleged in this proceeding on a claim of infancy since he was under the age of 14. Appellant's counsel has cited no Oklahoma cases nor has he explained what would be accomplished by acknowledging this antiquated defense in a modern juvenile proceeding. This contention, not being supported by relevant argument or authority, is denied. *Dick v. State*, 596 P.2d 1265, 1268 (Okl.Cr.1979).

■ The third proposition deals with a fundamental error. The record submitted to this Court on appeal does not show G.J.I.'s father was served with notice or

that he appeared or waived service. In the preprinted form utilized by the Court, it is stated "that legal and proper service has been had upon all necessary parties" and then recites the appearances; the father's name is not on the list nor does the docket sheet show that he was ever served. The recent case of *R.C.R. v. State*, 776 P.2d 563 (Okl.Cr.1989), deals with a lack of notice on a father in a certification hearing; we have not distinguished between delinquency hearings and certification hearings on the question of notice. *Crandell v. State*, 539 P.2d 398, 401 (Okl.Cr.1975). 10 O.S.1981, §§ 1104, 1105. Following the ruling in *R.C.R.* we find the proceedings had in this matter are void for lack of service on the father or a judicial finding service was not necessary.

Therefore, due to lack of service and notice on the father of G.J.I., the judicial finding that G.J.I. is delinquent is void and this matter is REMANDED to the District Court of Tulsa County, Juvenile Division for a new hearing and determination after proper notice is issued and served on those parties entitled by statute to be served.

LANE, V.P.J. and LUMPKIN, J., concur.

PARKS, P.J., concurs in result.

BUSSEY, J., not participating.

PARKS, Presiding Judge, concurring in result:

I agree this case must be reversed under *R.C.R. v. State*, 776 P.2d 563 (Okla.Crim. App.1989); however, because this issue is dispositive, I do not join the remainder of the majority opinion.