The STATE of Oklahoma, ex rel. Gary MAYNARD, and ex rel. Robert H. Henry, Attorney General, Petitioners,

v.

The Honorable Leslie PAGE, Associate District Judge of the District Court within and for Kay County, State of Oklahoma, and William Tony Doerge, Respondents.

No. P–90–0615.

Court of Criminal Appeals of Oklahoma.

July 30, 1990.

Publication Ordered Sept. 20, 1990.

---

**8.** *See Munsingwear, Inc. v. Tullis,* 557 P.2d 899 (Okl.1976).

## ORDER GRANTING WRIT OF PROHIBITION

On June 6, 1990, Petitioner filed an application for a writ of prohibition with this Court asking for a Stay of the District Court order and for a writ of prohibition directed to the Honorable Leslie Page, Associate District Judge, Kay County, prohibiting him from effectively discharging William Tony Doerge from the custody of the Oklahoma Department of Corrections as a result of the Court's decision in a petition for Writ of Mandamus in the case styled *William Tony Doerge v. Gary Maynard*, Case No. C–90–73, District Court of Kay County. This Court stayed the order of the District Court of Kay County and directed a response. Said response was filed on June 19, 1990.

In support of this request for writ of prohibition, Petitioner asserts that the district court wrongly determined that Respondent Doerge, is entitled to the benefits of both the original statutes, 57 O.S.1981, §§ 138 and 224, and the amended statutes, 57 O.S.Supp.1988, §§ 138 and 224 relating to earned credits under *Ekstrand v. State*, 791 P.2d 92 (Okl.Cr.1990).

Respondents argue that because of *Ekstrand*, Respondent Doerge, is entitled to the credits that he was to receive under the old provisions of Section 224, and under the language of the initial decision in *Mahler v. State*, 776 P.2d 565 (Okla.Cr.1989), he is also entitled to "such additional credits as [he] may have earned under the amended section." Respondents also claim that the new language of Section 224 makes it a part of and to be construed with Section 138.

On December 5, 1989, in *Mahler v. State*, 783 P.2d 973 (Okl.Cr.1989), this Court issued a final order withdrawing the original order in *Mahler v. State*, 776 P.2d 565 (Okl.Cr.1989), on procedural grounds. Under the original *Mahler*, Respondent Doerge would have been entitled to receive credits under the law as it existed at the time the crime was committed, plus any *new opportunities* to earn additional credit not available under the prior law. Shortly after the withdrawal of the original order in *Mahler*, we were presented the opportunity to address this issue again in *Ekstrand*, wherein the Petitioner claimed that the amendment to Section 138 was unconstitutional as an *ex post facto* law when applied to him because his crime was committed before the statute's amendment. In *Ekstrand* this Court determined that the Petitioner, and other similarly situated inmates who are disadvantaged by the amended statute, shall be entitled to the credits allotted under the statute effective on the date their crime was committed. Therefore, Respondent Doerge is entitled only to credits which were allowed under the law on the date the crime giving rise to his conviction was committed.

THEREFORE after fully considering the Petitioners' application and relevant authority, we find that the writ of prohibition should issue.

IT IS THEREFORE THE ORDER OF THIS COURT that the Petitioners' application for a writ of prohibition is GRANTED, prohibiting the Honorable Respondents from enforcing the Writ of Mandamus, styled *William Tony Doerge v. Gary Maynard*, Case No. C–90–73, District Court of Kay County, granting Respondent, Doerge, time credits under both statutes. It is further ordered that the stay be lifted to allow further proceedings in this matter.

IT IS SO ORDERED.

(s) Ed Parks
ED PARKS, Presiding Judge

(s) James F. Lane
JAMES F. LANE, Vice Presiding Judge

(s) Tom Brett
TOM BRETT, Judge

(s) Gary L. Lumpkin
GARY L. LUMPKIN, Judge

(s) Charles A. Johnson
CHARLES A. JOHNSON, Judge