936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Richard Val CREWS, Petitioner-Appellant,
v.
Jack COWLEY, Warden, Robert H. Henry, Attorney General,
State of Oklahoma, GARY MAYNARD, Director,
Oklahoma Department of Corrections,
Respondents-Appellees.
 No. 91-6063.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1991.
 
 Before STEPHEN A. ANDERSON, TACHA and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Crews, a state prisoner, appeals the denial of habeas corpus relief.
 
 
 4
 In 1986, Mr. Crews entered his plea of guilty to the charge of second-degree murder and the Oklahoma court sentenced Mr. Crews to thirty-two years imprisonment.
 
 
 5
 As Mr. Crews is not challenging his conviction but rather is challenging the Oklahoma procedure of allowing an inmate earned credits against his sentence, some background information concerning this process will be helpful in understanding this appeal.
 
 
 6
 In 1986, at the time of Mr. Crews's conviction, an inmate could earn up to three earned credits for each work day the inmate was engaged in specified activities. See Okla.Stat. tit. 57, Secs. 138 and 224 (1981). In 1988 the Oklahoma Legislature amended this law and provided that an inmate, depending on various factors such as work evaluation, personal hygiene and maintenance of living area could earn up to forty-four credits per month. An inmate could also earn additional credits for the successful completion of specified courses; however, the amended law reduced from three to one the amount of earned credits available for each day of specified work.
 
 
 7
 In 1989, the Oklahoma Court of Criminal Appeals decided Mahler v. State, 776 P.2d 565 (Okla.Crim.App.1989), which was read by some as holding inmates were entitled to receive credits under both laws (i.e., the law in effect at the time of the commission of the crime plus any benefits accruing under the new 1988 law). Mahler was withdrawn by the court before the year was out. Mahler v. State, 781 P.2d 835 (Okla.Crim.App.1989).
 
 
 8
 Mahler was followed by Ekstrand v. State, 791 P.2d 92 (Okla.Crim.App.1990), which held that inmates who were disadvantaged by the amended statute were entitled to credits allotted under the statute effective on the date their crime was committed. Id. at 95. In short, as a result of Ekstrand, Oklahoma permitted every prisoner to accrue good time based either upon the statute which was effective on the date the crime was committed or under the new statute, whichever was the most advantageous to the inmate.
 
 
 9
 This case was followed by State ex rel. Maynard v. Page, 798 P.2d 628 (Okla.Crim.App.1990), wherein the Oklahoma court clarified Ekstrand and Mahler by holding that an inmate was not entitled to the benefits of both laws. In Maynard, the Oklahoma court specifically stated it had never held in Mahler that an inmate was entitled to the benefits of both statutes. Id. at 629.
 
 
 10
 After unsuccessfully exhausting his state remedies, Mr. Crews filed his pro se action in federal court alleging: (1) that Sec. 138 of the amended statute as applied to him is ex post facto; (2) the Oklahoma decision in Ekstrand violates the due process clause by allowing Mr. Crews to lose credit toward his sentence; and (3) that Oklahoma is vindictively withholding an effective remedy.
 
 
 11
 The district court turned to Devine v. New Mexico Dept. of Corrections, 866 F.2d 339, 341 (10th Cir.1989), which defined an ex post facto law as one imposing additional punishment to that prescribed at the time of the commission of the act. The district court then considered Ekstrand (under which the inmate obtains the best of either the old or the new statute) and found there was no ex post facto violation in the application of Sec. 138, as construed, to Mr. Crews. The district court decided the remaining issues adversely to Mr. Crews.
 
 
 12
 On appeal, Mr. Crews argues that Mahler expressed the law and vested his right to receive good time under both statutes and thus the judicial overruling of Mahler by the subsequent Oklahoma decisions amounted to an ex post facto deprivation. In short, Mr. Crews argues that once the Oklahoma courts gave him the benefits of both statutes, the Oklahoma court could not take this away from him.
 
 
 13
 We are not persuaded by Mr. Crews's arguments. First, the amended statute does not apply to Mr. Crews in the event its application is disadvantageous to him. The holdings in Ekstrand and in Maynard have been implemented by regulations to assure Mr. Crews is not deprived of earned time. In short, Mr. Crews is receiving that good time to which he was originally entitled or that under the amended law, whichever is to his advantage. Second, the Oklahoma decisions have clearly stated that the holding of Mahler as advocated by Mr. Crews was not in fact the holding of Mahler. See Maynard, 798 P.2d at 629. In short, Mr. Crews does not have any type of a vested right to the benefits of both statutes. Even had Mahler briefly been the law it was clearly overruled by its withdrawal from publication. Mr. Crews could not gain any vested right to an erroneous interpretation of law. Mileham v. Simmons, 588 F.2d 1279, 1280 (9th Cir.1979). He is no worse off than he would have been had the error not been made.
 
 
 14
 Mr. Crews argues that the 1988 amendment is severable into unconstitutional portions. We simply are not persuaded by Mr. Crews's arguments as the Oklahoma courts have found--and we agree--that the 1988 law, as interpreted by the courts of Oklahoma and implemented by its executive branch, have worked no deprivation of Mr. Crews's earned credits.
 
 
 15
 Mr. Crews, acting upon the assumption that Mahler is correct law, next argues that the subsequent decision of Ekstrand denied him due process. Our holding that Mr. Crews's assumption is incorrect renders this question moot. Mr. Crews argues the decision in Ekstrand denied him due process as it eliminates the opportunity to earn extra credits that was suggested by Mahler. We have held that he was never entitled to the benefit of both statutes.
 
 
 16
 Mr. Crews finally argues that the state remedies are insufficient and have been implemented to be vindictive. He argues that the Oklahoma Court of Criminal Appeals is not providing a proper remedy. It is clear through the numerous opinions by that court that an adequate remedy is available. Mr. Crews simply does not like the procedures set forth by the Oklahoma courts.
 
 
 17
 The decision of the district court is affirmed for substantially the same reasons set forth in its Memorandum Opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3