943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bill YOUNG, Petitioner-Appellant,
v.
R. Michael CODY, Warden, Respondent-Appellee.
 No. 91-7048.
 United States Court of Appeals, Tenth Circuit.
 Aug. 28, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 PER CURIAM.
 
 
 1
 Petitioner-appellant Bill Young appeals from the denial of his habeas corpus petition and a certificate of probable cause. See 28 U.S.C. §§ 2254 & 2253. Petitioner was convicted in 1986 and sentenced to ten years incarceration. He contends that the good time credit scheme in effect on the date of his offense violates equal protection.[1] A new good time credit scheme was enacted November 1, 1988, with full prospective application.[2] The Oklahoma Court of Criminal Appeals subsequently determined that the new scheme could not be applied to the detriment of those convicted prior to its enactment because of the ex post facto clause. See Ekstrand v. State, 791 P.2d 92, 95 (Okla.Crim.App.1990). Consequently, Oklahoma now allows a prisoner to earn good time based on either the new scheme or the scheme in effect on the date of the offense, whichever is more favorable. Petitioner argues that he should be allowed to earn good time credits based on the most favorable parts of both schemes, an argument which has been rejected on state-law grounds by the Oklahoma Court of Criminal Appeals.[3] State ex rel. Maynard v. Page, 798 P.2d 628, 629 (Okla.Crim.App.1990). Petitioner, however, claims that he has a constitutional liberty interest in maximizing good time credits under both schemes. See Petitioner's Brief (Form A-11) attach. at 7.
 
 
 2
 The magistrate judge recommended that the case be dismissed summarily pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. See R. doc. 4 at 2. The district court then rejected petitioner's objections to the magistrate's recommendation as untimely, and adopted the magistrate's recommendations. See id. doc. 5.
 
 
 3
 In a statement notable for its overbreadth, the magistrate determined that "[p]etitioner's allegations raise matters relating to sentence and service of sentence, and such matters have been held to be questions of state law and thus, not cognizable under federal habeas corpus statutes." The magistrate judge then cited to Mason v. Anderson, 357 F.Supp. 672, 674 (W.D.Okla.1973), an older district court case which deals with the "in-custody" requirement of § 2254. The magistrate then distinguished petitioner's case from Spradling v. Maynard, 527 F.Supp. 398 (W.D.Okla.1981), because petitioner did not raise an ex post facto challenge.
 
 
 4
 We affirm the district court's judgment insofar as it dismissed the liberty interest claim. We remand for greater development on the equal protection claim, for the magistrate and the district court did not have the benefit of a response by Oklahoma, and we decline to speculate concerning the purpose of the prior good time scheme. For the purpose of proceedings on remand, we note that the decisions of the United States Supreme Court and federal courts of appeals provide a fertile source of precedent.
 
 
 5
 Petitioner first claims that he has been deprived of a liberty interest without due process of law because he cannot earn good time credits under both the old and new schemes. This claim must fail for lack of a federal or state provision creating a liberty interest in a good time credit system which would allow credits under both schemes. Hewitt v. Helms, 459 U.S. 460, 466 (1983). No independent Constitutional liberty interest exists in a state's good time credit scheme. Id. at 467; Wolff v. McDonnell, 418 U.S. 539, 557 (1974); Brennan v. Cunningham, 813 F.2d 1, 5-6 (1st Cir.1987). While a state's creation of a good time credit system may implicate a liberty interest in that system, the State simply does not have a system which enables a prisoner to earn good time credits from the most favorable portions of both schemes. See Page, 798 P.2d at 629. Accordingly, no liberty interest has been infringed.
 
 
 6
 Petitioner next contends that the older good time credit scheme violates equal protection because it provides for one day's credit for one day's work or schooling; two days' credit for one day's work (for Oklahoma State Industries, Private Prison Industries, or Agricultural Production) or vocational training; and three days' credit if one day's work is for the state, a county or a municipality. He contends that the scheme provides more credit for working on a state highway crew than participating in an educational or vocational program. He suggests that tying good time credits to the place worked results in identically situated prisoners earning different amounts of good time credits for the same work. Finally, he contends that his work as a mechanic at Oklahoma State Industries was rewarded with two days' credit for each day worked, but that he only received day-for-day credit when he worked at the institutional garage.
 
 
 7
 In this habeas corpus action, petitioner may rely only upon the facts of his own situation. Only some rational basis need support the state's decision to award good time credits based on the place of employment. See McGinnis v. Royster, 410 U.S. 263, 268-70 (1973). We recognize that petitioner has a heavy burden on this claim, see McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir.1991), but the record is barren on this issue and we decline to indulge in speculation.
 
 
 8
 We GRANT petitioner's motion to proceed in forma pauperis, 28 U.S.C. § 1915(a), GRANT his motion for a certificate of probable cause, 28 U.S.C. § 2253, AFFIRM that portion of the district court's judgment denying relief on the liberty interest claim, VACATE the remainder of the judgment, and REMAND for further proceedings.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.
 
 
 
 *
 Respondent-appellee elected not to file a brief. After examining petitioner's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 See 1981 Okla.Sess.Laws ch. 56 (prior version of tit. 57, § 224) & 1984 Okla.Sess.Laws ch. 137 (prior version of tit. 57, § 138). See also Ekstrand v. State, 791 P.2d 92, 94 (Okla.Crim.App.1990) (discussing prior scheme)
 
 
 [2]
 See Okla.Stat.Ann. tit. 57, §§ 138 & 224 (West 1991 Cum.Supp.). See also Ekstrand, 791 P.2d at 94-95 (discussing current scheme)
 
 
 [3]
 The argument received currency in Mahler v. State, 776 P.2d 565 (Okla.Crim.App.1989), but that opinion was withdrawn. See Mahler v. State, 781 P.2d 835 (Okla.Crim.App.1989)