999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 A.C. WALTERS, Petitioner-Appellant,
v.
Steve HARGETT, Warden, Oklahoma State Reformatory; Attorney
General of the State of Oklahoma, Respondents-Appellees.
 No. 93-6036.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1993.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner A.C. Walters, an inmate in the custody of the State of Oklahoma, appeals from the district court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court granted a certificate of probable cause for the appeal. We exercise jurisdiction under 28 U.S.C. § 2253, and affirm.
 
 
 3
 Petitioner was convicted on April 18, 1968, for a crime committed on October 7, 1962, and was sentenced to ninety-nine years of incarceration. He was paroled on November 27, 1974, and reincarcerated for violation of parole on November 9, 1983. Petitioner claims that if he is properly credited with earned good time credits, he is entitled to immediate release.
 
 
 4
 Oklahoma Stat. tit. 57, §§ 138 and 224 set out how good time credits may be earned, lost, and restored. Sections 138 and 224 have been amended more than once since 1962, and the Oklahoma courts have determined that the application of an amendment to an inmate whose crime was committed before that amendment went into effect is an ex post facto law in violation of the Fourteenth Amendment, to the extent the inmate accrues fewer good time credits under the amended statute. See, e.g., Ekstrand v. State, 791 P.2d 92, 95 (Okla.Crim.App.1990) (examining 1988 amendment to § 138).
 
 
 5
 Petitioner does not contend on appeal, as he did below, that the 1988 amendments to §§ 138 and 224 constitute prohibited ex post facto laws as applied to him. Thus, there is no federal constitutional issue before us.
 
 
 6
 Petitioner contends, rather, that he is entitled both to "automatic" good time credits under the versions of §§ 138 and 224 that were in effect at the time of his crime, and also to additional earned good time credits under subsequent amendments to those statutes. Whether an inmate is entitled to good time credits under both the old and new versions of these state statutes is a matter of state law. The Oklahoma courts have determined that an inmate whose conviction predates amendments to §§ 138 or 224 is entitled to the benefits of whichever versions of the statutes are more favorable to him or her, but not both. See State ex rel. Maynard v. Page, 798 P.2d 628, 629 (Okla.Crim.App.1990); Ekstrand, 791 P.2d at 95. Thus, the district court properly denied relief.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3