30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jack S. JAMES, Petitioner-Appellant,
v.
Michael W. CARR and Attorney General, Respondents-Appellees.
 No. 94-5047.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Jack James appeals from an order from the United States District Court for the Northern District of Oklahoma dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254. Appellant was sentenced to twenty-five years' imprisonment for second degree murder and is currently incarcerated. Appellant's claims challenge Oklahoma's statutory scheme for determining earned credits used for reducing criminal sentences. We review the district court's denial of a petition for writ of habeas corpus de novo. Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.). We affirm for substantially the same reasons as the district court.
 
 
 4
 At the time Appellant committed his crime, the Oklahoma statutory scheme in effect for credits, Okla. Stat. tit. 57, 138 and 224, allowed a one-day credit for each day that an inmate worked or attended school. If a prisoner was enrolled in a vocational training program, he received two days of credit, and if a prisoner worked for the state, county, or municipality, he earned three days of credit. In November 1988, the legislature amended section 138, creating four classification levels each with certain requirements. Each level allows for a different amount of possible credit days, ranging from zero to forty-four per month. Certain programs and educational achievements allow inmates to earn credits, but the maximum is set at ninety days per year. Additionally, section 224 was amended, setting aside the additional credits for employment with a state, county, or municipality.
 
 
 5
 Following these amendments, the Oklahoma courts had several opportunities to review how the Department of Corrections ("DOC") implemented the new statute. See Ekstrand v. State, 791 P.2d 92 (Okla.Crim.App.) (application of amended sections are ex post facto as applied to those who are disadvantaged by new provisions and who committed their crimes prior to amendments); State ex rel. Maynard v. Page, 798 P.2d 628, 629 (Okla.Crim.App.) (inmate not entitled to credits under both amended and pre-amended statutes, but is entitled only to credits allowed under the law on the date of the crime).
 
 
 6
 The district court and Appellees stated, and Appellant does not disagree, that following a 1993 district court opinion, Scales v. Reynolds, CIV-90-369-S and CIV-90-375-S, the DOC developed a new procedure for determining credits. Ct. Order at 5; Aple. Brief at 4, 5. The current procedure requires that the DOC make a monthly comparison of credits for an inmate who was incarcerated prior to the 1988 amendment, using both the 1988 criteria and the pre-amended criteria. The sentence is then credited based on the provisions that give him the most credit.
 
 
 7
 Appellant relies on Ekstrand, claiming that the amended versions of the statute, Okla. Stat. tit. 57, 138 and 224, are ex post facto as applied to him and that his earned credit should be determined under the pre-amended statute. However, in order to constitute ex post facto, the amended statute must be retrospective and must disadvantage Appellant. Devine v. New Mexico Dept. of Corrections, 866 F.2d 339, 341 (10th Cir.); Ekstrand, 791 P.2d at 94. Appellant has not alleged sufficient facts that support his allegation that he has been or will be disadvantaged by the application of the amended statutes. Since the new procedures have been in effect at the DOC, Appellant cannot be disadvantaged since the greater number of credits is applied to his sentence each month. Furthermore, Appellees allege and Appellant does not dispute that he has applied for credits he would have been entitled to receive (twenty-five credits) under the pre-amended statute in order to update the total credits allowed. This application shows five months of improper crediting by the DOC and was remedied in August 1993. ROA, Doc. 3, Ex. B.
 
 
 8
 Appellant's second claim is that the elimination of earned credits for donating blood, as provided for in section 138 prior to the 1988 amendment, is ex post facto. Appellant argues
 
 
 9
 "[n]otwithstanding that the Department of Corrections unilaterally discontinued this program long before the appellant entered the system, appellant contends that the law under which he was sentenced created a liberty interest and lawful expectation that he would have the opportunity to reduce his term of incarceration by donating blood at regular intervals."
 
 
 10
 Aplt. Brief at 6.
 
 
 11
 The district court found, and neither party disputes, that the Red Cross and other organizations had refused to accept blood from inmates, causing the DOC to discontinue the program before Appellant even committed his crime. The elimination of the statute allowing for credit for blood is not ex post facto as applied to Appellant since the program had already been abolished.
 
 
 12
 Appellant claims if the DOC uses the pre-amended statutes to determine his credits, the manner in which the statutes are being applied violates his due process and equal protection rights since different job assignments yield different credits. He claims that these assignments are not rationally made. Yet, Appellant has not given specific incidences of discrimination against him based on anything other than a valid classification scheme by the DOC. See Williams v. Meese, 926 F.2d 994, 998 (10th Cir.) (prison officials may not discriminate on the basis of age, race, or handicap in assigning jobs to inmates); Ingram v. Papalia, 804 F.2d 595, 596-97 (10th Cir.) (an inmate does not have a constitutional right to employment absent a state statute or regulation).
 
 
 13
 Finally, Appellant's argument that he should be entitled to credits under both the pre-amended and the amended statutes is without merit. In essence, under the new scheme for applying credits he is receiving the best of both statutes, because whichever gives him the greatest amount determines the credits applied. The Oklahoma courts resolved this issue explicitly in Maynard, 798 P.2d at 629, stating that an inmate could not earn credit under both the amended and original statute.
 
 
 14
 The order from the United States District Court for the Northern District of Oklahoma dismissing Appellant's petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470