F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 28 1997**

**PATRICK FISHER
Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

REUBEN LEE THOMAS,

    Petitioner-Appellant,

      v.

DENISE SPEARS, Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

    Respondents-Appellees.

No. 96-5192
(D.C. No. 96-C-204-K)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Reuben Thomas has filed an application for a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Petitioner is presently

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

incarcerated in Oklahoma following his 1986 conviction in state court. We conclude petitioner has not made "a substantial showing of the denial of a constitutional right" under § 2253(c)(1)(A) and deny the certificate of appealability.

Petitioner challenges calculation of his good-time credits, arguing the method of computation of such credits violates the ex post facto clause. He contends that during the period of April 1989 until October 1991 he was wrongly classified under the 1988 version of 57 O.S. § 138 in a credit class level that prevented earning good-time credits through work. He also argues that work he did from October 1991 to May 1993 resulted in good-time credits computed under the law then in effect rather than the law in effect at the time the crime was committed, which would have allowed him three days' credit for each day worked.

At the time petitioner committed the crime for which he is incarcerated, good-time credits could be earned through work, school attendance, or participation in a vocational training program. See 57 O.S.A. § 138, Historical and Statutory Notes. Service or maintenance work for another state agency, county, or municipality performed by an inmate under 57 O.S. § 224 earned an inmate three days' credit for each earned day of service. See 57 O.S.A. § 224, Historical and Statutory Notes. In 1988, the statutes governing good-time credits changed and credit was no longer based on work but on the class to which a prisoner was assigned by an adjustment review committee. 57 O.S. § 138(B). Inmates classified in class one earned no credits; inmates in the other classes earned 22 to 44 credits per month. 57 O.S. § 138(C)(2). Petitioner was placed in class one in March 1989 and earned no credits from April 1989 until he advanced to class two in January 1991.

-2-

Petitioner was convicted before the four-class system was enacted and he is entitled to allowable credits under the law in effect on the date the crime giving rise to his conviction was committed. State ex rel. Maynard v. Page, 798 P.2d 628 (Okla. Cr. App. 1990). Consequently, he can claim no liberty interest in any aspect of the four-class system. His contention that other inmates' advancements to higher classes violated equal protection principles is unconvincing. Petitioner does not allege discretionary decisions regarding classifications are based on any suspect class. Therefore, to pass constitutional muster, the challenged actions need only be reasonably related to some legitimate penological purpose. Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994). By statute, classification decisions are based on a number of factors, including "rehabilitation, obtaining job skills and other educational enhancement, participation in and completion of alcohol/chemical abuse programs, incentives for inmates to accept work assignments and jobs, work attendance and productivity, conduct record, participation in programs, cooperative general behavior, and appearance." 57 O.S. § 138(B). In light of the deference this court must afford prison officials in executing their discretionary judgments, see Hewitt v. Helms, 459 U.S. 460, 472 (1983), petitioner's equal protection claim cannot stand.

Petitioner appears to contend that applying the class system rendered him ineligible to work, depriving him of a liberty interest in the opportunity to earn good-time credits. The law in effect at the time petitioner committed the offense for which he is incarcerated did not guarantee an inmate the opportunity to work and earn good-time credits. Gardner v. Benton, 452 F. Supp. 170 (1977). Thus, reclassifications that impact eligibility for work do not deprive inmates of due process. Id.

-3-

Petitioner alleges the credit he was given for work from January 1991 to March 1993 was based on his class assignment rather than on the statutes in effect at the time he committed the offense. He presents nothing to establish his good-time credits were not computed in a manner at least as beneficial to him as the statutes then in effect. The record is devoid of any showing that petitioner performed sufficient work during any period in which he was assigned credit based on his class where he would have been entitled to more credit under the prior system. The Oklahoma Department of Corrections "now tabulates for each inmate how many credits he has earned under each version of the statute [37 O.S. § 138] on a monthly basis and automatically awards the inmate the greater of the two totals." Turnham v. Carr, 34 F.3d 1076 (10th Cir. 1994) (table). As petitioner has made no showing that his credits were calculated in a way prejudicial to his expectations, he has presented no substantial showing of any ex post facto violation. See Devine v. New Mexico Dept. of Corrections, 866 F.2d 339, 341 (10th Cir. 1989) (ex post facto law must disadvantage affected offender).

The application for a certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-